(102 So. 799)

## ALABAMA FUEL & IRON CO. v. AN-DREWS. (6 Div. 245.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Action** ⟲⟳38(3)—Count in trespass quare clausum fregit held not to set up two causes of action.

A count for trespass quare clausum fregit, which charged that defendant's servant removed furniture from premises, but claimed no damages therefor, claim for damages being confined to injury to realty and mental and physical suffering as well as punitive damages, did not set up two separate and distinct causes of action.

2. **Action** ⟲⟳38(3) — Count in trespass, for damages for taking furniture and mental anguish caused, held not to set up two causes of action.

A count in action for damages for trespass, for damages for depriving plaintiff of use of furniture and for injury thereto and for mental anguish caused thereby, did not set up two separate and distinct causes of action.

3. **Landlord and tenant** ⟲⟳132(2)—Contract of employment, upon which lease based, held admissible in action by lessee against lessor for trespass by latter.

Where plaintiff was employed under contract with defendant and also leased certain premises from defendant, which lease was based upon such contract of employment, in action by plaintiff for damages for trespass committed on the leased premises by defendant's servants, such contract of employment was admissible, though proof shows he had been discharged, but re-employed, and there was no proof of a new and different contract.

4. **Landlord and tenant** ⟲⟳132(2)—Evidence as to difficulty in getting another home admissible in action by lessee against lessor for trespass in ejecting lessee.

In action by lessee against lessor for damages for trespass committed upon leased premises by lessor's servants, who ejected lessee, under plaintiff's claim of mental and physical pain, he could show inconvenience he experienced in trying to get a home, notwithstanding he made no claim as for ejection and deprivation of use of premises.

5. **Trial** ⟲⟳251(1) — Defendant's requested charges applicable to one count, but not justifying wrong alleged in another count, properly refused.

In action by lessee against lessor for trespass of real estate, where defendant's requested charges, which hypothecated facts as to defendant's right of possession, could have been properly given if confined to plaintiff's counts of trespass quare clausum fregit, but such hypothecated facts did not justify wrong complained of in another count, such requested charges were properly refused.

6. **Trial** ⟲⟳133(6)—Remark of plaintiff's counsel, styling defendant as a large corporation, and requesting damages sufficient to properly penalize it, held to require reversal, notwithstanding court's instruction to disregard.

Argument of plaintiff's counsel that defendant was a large corporation, and damages should be assessed as would properly punish it, held to require reversal, notwithstanding counsel withdrew it and court instructed jury to disregard it, especially since court, in granting motion for new trial unless damages remitted, thereby showed that he entertained opinion that prejudice was not eradicated.

7. **Appeal and error** ⟲⟳933(1)—Presumption in favor of ruling of trial court in refusing or granting motion for new trial.

Where trial court takes prompt measure to rid a case of improper matter and subsequently refuses or grants a motion for new trial, appellate court will indulge in presumption in favor of such ruling.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action in trespass by G. W. Andrews against the Alabama Fuel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Counts 4 and 5, upon which the case was tried, are as follows:

Count 4: "Plaintiff claims of the defendant ten thousand ($10,000.00) dollars as damages, for that heretofore on the 23d day of July, 1923, plaintiff and his family were in the possession of the house and lot known as house No. 83, at Overton, Jefferson county, Ala., and were residing therein, and on said date an agent, servant, or employee of the defendant, to wit, a man named Ford, while acting within the line and scope of his authority as such agent, servant, or employee, wrongfully, knowingly, and intentionally committed a trespass upon said premises, and in the commission of said trespass, while still acting within the line and scope of his authority as such agent, servant, or employee entered the plaintiff's said home uninvited, and without the plaintiff's permission, and disarranged the furniture therein, and removed it from the premises wrongfully, and plaintiff avers that as a proximate consequence of said wrongful conduct the plaintiff's said premises were greatly damaged, and the plaintiff was caused to suffer great mental and physical pain, and, in addition to compensatory damages, plaintiff claims also punitive damages."

Count 5: "Plaintiff claims of the defendant ten thousand ($10,000.00) dollars as damages, for that heretofore on or about the 23d day of July, 1923, an agent, servant, or employee of the defendant, while acting within the line and scope of his authority as such, his name being Mr. Ford, entered the plaintiff's home, where he and his wife and five children were living at, to wit, house No. 83, at Overton, Jefferson county, Ala., and then and there wrongfully took possession of the following goods and chattels the property of the plaintiff, while still acting within the line and scope of his au-

⟲⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thority as such agent, servant, or employee, namely plaintiff's household furniture and effects, which were in his said home, consisting of several beds, bedsteads, mattresses, chairs, dressers, washstands, cooking stove, and piano, and other articles in use in said home, and removed said articles from his said home. Plaintiff avers that the said agent knew that the taking of said goods and chattels was wrongful, and he committed the said wrong willfully and intentionally while still acting within the line and scope of his authority as such agent, servant, or employee. Plaintiff avers that, as a proximate consequence of said wrongful conduct, the plaintiff's said household furniture was greatly damaged, and the plaintiff was put to a great deal of trouble, inconvenience, and expense in providing the necessary comforts and conveniences for his said family, of which they had thus been deprived, and the plaintiff was caused to suffer great mental and physical pain and, in addition to compensatory damages, the plaintiff claims also punitive damages."

Plaintiff was employed by the defendant under a contract of employment fixing the conditions under which the work should be done and the service continued. The parties also entered into a contract of lease, by the terms of which plaintiff rented a house, designated as No. 83, the property of defendant, at a stipulated monthly rental. It is recited that the lease is made and the rental fixed by reason of the employment by the lessor, and it is provided that, if the lessee should at any time be discharged, with or without cause, from the service of the lessor, or under other named contingencies, the lessor shall have the right to terminate the lease and re-enter and take possession of the premises upon one day's written notice to vacate, either given the lessee in person, or left at the premises.

It appears that the plaintiff was discharged from the service of the defendant, but continued to occupy the house; that some three weeks later he was reinstated in the service; and that a few days after reinstatement the alleged trespass occurred.

Charges 16, 33, 34, 18, and 17, made the bases, respectively, of assignments 17, 20, 21, 22, and 23, are as follows:

"(16) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the defendant was the owner of the property upon which the plaintiff resided, and that at the time of the alleged trespass the possessory interest of the plaintiff in said property had terminated, then you cannot find a verdict for the plaintiff.

"(33) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the premises, described in the complaint and upon which it is alleged trespass was committed, was at the time of the acts complained of the property of the defendant, and if you are reasonably satisfied from the evidence that the defendant by consent or otherwise of the plaintiff had the right to enter said

premises, then I charge you that your verdict must be for the defendant.

"(34) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence in this case that at the time of the acts complained of the defendant was the owner of the premises, which it is alleged were trespassed upon, and that at said time the defendant had a right to enter upon said premises, then I charge you that you cannot find a verdict for the plaintiff, even though you may be reasonably satisfied from the evidence that the defendant's servants or agents entered upon said premises by force and without the consent of the plaintiff.

"(18) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the premises, described in the complaint and on which the trespass is alleged to have been committed, were the property of the defendant at the time of the acts complained of, and if you are further reasonably satisfied from the evidence that at said time the possessory interest of the plaintiff in said premises had terminated, then I charge you that you cannot find a verdict for the plaintiff, though you may be reasonably satisfied from the evidence that his furniture was damaged by the acts of the servants or agents of the defendant.

"(17) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that the defendant was the owner of the premises described in the complaint at the time of the acts complained of, and that at said time the possessory interest of the plaintiff in said premises had terminated, then I charge you that you cannot find a verdict for the plaintiff, even though you are reasonably satisfied from the evidence that the defendant's servants or agents entered said premises by force and over the protest of the plaintiff.

There was verdict for plaintiff for $2,500. Defendant filed its motion for a new trial. The trial court ordered and adjudged that the motion be granted, unless plaintiff remit the sum of $500, in which event the motion should be overruled. Plaintiff entered remittitur, whereupon the court overruled the motion.

Percy, Benners & Burr, of Birmingham, for appellant.

A count joining an action on the case and an action in trespass is demurrable. Interstate Lbr. Co. v. Duke, 183 Ala. 484, 62 So. 845; City Ice Del. Co. v. Henry, 139 Ala. 161, 34 So. 389; Henry v. Carlton, 113 Ala. 636, 21 So. 225. Evidence of the time and effort required by plaintiff to obtain another house was erroneously admitted. T. C. I. Co. v. Kelly, 163 Ala. 348, 50 So. 1008; Ala. etc., Ry. v. Foley, 195 Ala. 391, 70 So. 726; B. R., L. & P. Co. v. Beck, 1 Ala. App. 291, 55 So. 428; Tallassee Falls Co. v. Parks, 2 Ala. App. 278, 56 So. 588. Defendant showed his ownership of the land and his right to enter, and this was a complete defense to the count in trespass. Sou. Ry. v. Hayes, 183 Ala. 465, 62 So. 874. The judgment

should have been set aside because of the improper argument of plaintiff's counsel. Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879; Watts v. Espy, 211 Ala. 502, 101 So. 106; Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 So. 469; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 So. 942; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Wolffe v. Minnis, 74 Ala. 386. The judgment was excessive, and new trial should have been granted. Gulf States S. Co. v. Beveridge, 209 Ala. 473, 96 So. 587; Gulf States Steel Co. v. Comstock, 17 Ala. App. 430, 85 So. 305.

H. M. Abercrombie and Edgar Allen, both of Birmingham, for appellee.

Counts 4 and 5 were not subject to demurrer. Stowers Fur. Co. v. Brake, 158 Ala. 639, 48 So. 89; Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Hardeman v. Williams, 169 Ala. 50, 53 So. 794; Henry v. Carlton, 113 Ala. 636, 21 So. 225; 38 Cyc. 1098 (B), note 8. There was no error in admission of evidence. 38 Cyc. 1137; Snedecor v. Pope, 143 Ala. 275, 39 So. 318. The charges requested by defendant were properly refused. City of Montgomery v. Bradley, 159 Ala. 230, 48 So. 809; Hays v. Lemoine, 156 Ala. 465, 47 So. 99; Barlow v. Hamilton, 151 Ala. 634, 44 So. 657; Jones v. State, 79 Ala. 23; Sadler v. A. G. S., 204 Ala. 155, 85 So. 380; Snedecor v. Pope, supra. The error of argument was removed. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 665; Lusk v. Britton, 198 Ala. 245, 73 So. 492; Ala. Power Co. v. Bruce, 209 Ala. 423, 96 So. 346; Western Ry. v. Mays, 197 Ala. 367, 72 So. 641; Tenn. River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266; M. L. & W. Co. v. Thombs, 204 Ala. 678, 87 So. 205; Headley v. Harris, 196 Ala. 520, 71 So. 695; Ala. S. Co. v. Sells, 168 Ala. 547, 52 So. 921. The judgment was not excessive. Nat. Sur. Co. v. Mabry, 139 Ala. 217, 35 So. 698; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858.

ANDERSON, C. J. This case went to the jury on counts 4 and 5. Count 4 is trespass quare clausum fregit, and, while it charges that in committing the trespass defendant's servants disarranged and removed the furniture, there is no claim of damages as for a taking or injury to the furniture, but the claim for damages is confined to the injury to the realty and mental and physical suffering as well as punitive damages growing out of said trespass, and the removal of the furniture was merely descriptive of the trespass or ejection of the plaintiff Count 5 is for a trespass in taking temporarily the plaintiff's furniture, and for damages for depriving him of the use of same, and for injury thereto during the detention, and for mental anguish caused by said wrongful act.

[1, 2] Neither of these counts sets up two separate and distinct causes of action, and are unlike the count condemned in the case of Interstate v. Duke, 183 Ala. 484, 62 So. 845. The trial court did not err in overruling the defendant's demurrer to these counts.

[3] There was no error in permitting the contract of employment to be introduced in evidence. The lease referred to and was based upon the employment between the parties and they should both have been considered together. True, the proof shows that the plaintiff had previously been discharged, but was re-employed, and there was no proof of a new and different contract of employment, and, presumptively, he was reinstated under the old contract.

[4] There was no error in permitting the plaintiff to show the trouble and inconvenience he had and experienced in trying to get a home, or the condition in which he was placed as a result of the trespass and ejection, and was provable under his claim for mental and physical pain, notwithstanding he made no claim in the complaint as for an ejection and a deprivation of the use of the premises.

[5] Assignments of error 17, 20, 21, 22, and 23 relate to certain refused charges which counsel for appellant contends are based upon the case of So. R. R. v. Hays, 183 Ala. 465, 62 So. 874. We may concede that, notwithstanding there was no written notice, as required by the lease of its termination, there was sufficient evidence to make it a question for the jury as to whether or not both parties considered it terminated. The defendant's evidence shows that plaintiff was re-employed, with the distinct understanding that the house was wanted for other purposes and that he was to vacate the same, while the plaintiff's evidence tends to show that, while he was informed that defendant wanted the house for other purposes, he insisted that he should keep the house, and was then told to go to work. Therefore, as the charges hypothesize this fact, under the Hays Case, supra, they might have properly been given if confined to count 4, quare clausum fregit, but they instructed a general finding for the defendant, and which facts there set up did not justify the wrong complained of in count 5.

[6, 7] So much of the argument as excepted to by defendant, to wit: "The defendant is a large corporation and a verdict which would punish me, or would punish one of you, would not be sufficient to punish this large corporation, and the jury by its verdict should assess such an amount as would punish defendant," has been emphatically condemned by this court. Ala. Fuel Co. v.

Williams, 207 Ala. 99, 91 So. 879, and cases there cited. True, when counsel for the defendant objected, counsel for plaintiff said, "We will withdraw this argument." Thereupon the court turned to the jury and said, "The argument has been withdrawn, and you will not consider it." But it is rather questionable if poison of this character, when injected into the jury by improper evidence or argument, can be subsequently eradicated. At any rate, the action of the trial court should have been more positive and extensive than what was done in the present case. From aught appearing, the court told the jury that they should not consider it as it had been withdrawn. There was no admonition of counsel or instruction that said argument was illegal and highly improper. "Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief." Wolffe v. Minnis, 74 Ala. 386. See, also, Metropolitan Life Ins. Co. v. Carter, ante, p. 212, 102 So. 130, and many cases there cited.

It is true that, when it appears that the trial court takes prompt measure to rid a case of improper matter and subsequently refused a motion for a new trial or grants it, this court will indulge some presumption in favor of the ruling. Thames v. L. & N. R. R., 208 Ala. 255, 94 So. 487. But no such presumption can be indulged in this instance. First, the record presents an insufficient attempt to eradicate it, and, second, it also discloses that the trial judge did not rule or entertain the opinion that it had been entirely eradicated, for the reason that he granted the motion unless there was a remittitur of damages, thus, in effect, holding that the jury in fixing the damages had been actuated by prejudice or passion.

We therefore hold that the trial court erred in not granting the motion unconditionally because of this improper argument, and the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, THOMAS, and MILLER, JJ., concur.