(124 So. 868)

**CENTRAL OF GEORGIA RY. CO. v. BAR-NETT.** (4 Div. 404.)

Supreme Court of Alabama. Nov. 7, 1929.

Rehearing Denied Dec. 19, 1929.

The second count is in trespass quare clausum fregit for injury to plaintiff's lands, and the third in trover for the conversion of the rails, ties, and spikes.

Though only the general issue was pleaded, the defendant sought to justify under a license granting a right of way by W. F. Moss to the defendant on the 23d day of August, 1901, authorizing the construction of a spur track over the lands of said Moss to the gin plant of the Fitzpatrick Square Bale Gin Company, with condition "that should said spur track not be built or located on the portion of said tract of land herein conveyed for that purpose; or should said Fitzpatrick Square Bale Gin Company, and assigns, ever cease to operate the plant now owned by it as a gin mill, then all benefit from this deed shall cease and the right of way herein conveyed shall immediately revert to the grantors." There was no evidence showing or tending to show that the Fitzpatrick Square Bale Gin Company was still operating its plant, and the evidence was without dispute that the spur track in controversy was situated on the plaintiff's lands, that no part of it was located on the lands owned by Moss in 1901. Whether or not the track in question was constructed by the defendant or by plaintiff's predecessors in title was, under the evidence, a question for jury decision. The evidence was also without dispute that the defendant's agents and servants tore up and removed the track, under defendant's instructions and over the protest of the plaintiff; and for this reason the affirmative charge requested by the defendant was properly refused.

G. L. Comer and McDowell & McDowell, all of Eufaula, for appellant.

Charges 2, 3, 4, 7, 8, 10, and the two unnumbered charges, assumed that the spur track was laid by the defendant, and that defendant had a legal right to take up the track and remove it, and were invasive of the province of the jury. If the jury were reasonably satisfied frim the evidence that the defendant was guilty of trespass, as charged in the first and second counts of the complaint, plaintiff were entitled to recover at least nominal damages, though he suffered no material injury, and charges 6 and 9 were, for this reason, well refused. Charge 5 misplaced the burden of proof and was refused without error.

T. S. Fraser, of Union Springs, and Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Evidence offered by the plaintiff, going to show the relation of the spur track to plaintiff's business, and the uses to which it was subjected, and the extent of its use by plaintiff, in connection with evidence tending to show the difference in the market value of the land before and after the trespass, was relevant to the question of damages suffered, though it be assumed that the difference in the market value of the land before and after the trespass was the true measure of damages. If the spur track was of no use to

BROWN, J. The first count of the complaint is in trespass quare clausum fregit de bonis asportatis, and alleges that the defendant willfully, and without the consent of plaintiff, entered upon plaintiff's lands and took up and removed therefrom 750 feet of rails, 240 cross-ties, and 100 spikes, constituting a spur track leading from defendant's siding at Fitzpatrick, Ala., to a gin plant and seed house of the plaintiff, and used by him for shipping hay, cotton seed, and other products over defendant's line of railway.

286

plaintiff in connection with his property, its removal would be of little or no detriment to him. On the other hand, if it was useful to him as a convenience in connection with the enjoyment of his property and business, it had some tendency to corroborate his opinion as to the value of the land before and after the trespass.

On his examination in chief, the plaintiff testified without objection on the part of the defendant, that in his "opinion the reasonable value of the rails, cross-ties and spikes, on the 19th day of March," the day they were removed, "was $579.12."

On cross-examination, plaintiff testified: "I got my idea as to the value of rails from the Birmingham Rail and Locomotive Company, and that is all that I know about it. I wrote a letter in which I told them exactly what was taken out, and in reply they wrote me a letter, and that is the only information, all the information I have as to the value of the property, I have no personal knowledge myself." The further cross-examination of the witness shows that the quoted testimony related to the value of the rails, and, if defendant had limited its motion to exclude to the testimony as to the value of the rails, the motion would probably have been granted by the trial court (Davis v. Arnold, 143 Ala. 228, 39 So. 141), but the motion to exclude embraced all evidence as to the value of the property removed, including the value of the ties, and as to these the witness appeared to have some personal knowledge. The motion in this form was overruled without error. Ray v. State, 126 Ala. 9, 28 So. 634; Caddell v. State, 136 Ala. 9, 34 So. 191; Wright v. State, 136 Ala. 139, 34 So. 233.

This evidence going to the value of the property removed, in the absence of a right or license on the part of the defendant to remove it, was clearly admissible under the trover count, and also under the first count, which not only claimed damages for injury to the land, but for removing the rails, cross-ties, and spikes. While the general rule as recognized by our cases is that, in trespass to real estate for injury to the realty itself, the difference in the market value of the land immediately before and after the trespass is the measure of plaintiff's damages. Brinkmeyer v. Bethea, 139 Ala. 376, 35 So. 996; Southern Ry. Co. v. Cleveland, 169 Ala. 26, 53 So. 767.

Nevertheless, if it be shown that not only injury to the real estate was suffered, but that valuable property was taken or destroyed, there is no reason why the plaintiff should not recover for such loss. Any other rule would enable the trespasser to profit by and speculate upon his own wrong, would encourage violence, and invite unwarranted depredations upon the rights and property of others. Skeels v. Starrett, 57 Mich. 355, 356, 24 N. W. 98.

The proceedings and rulings of the trial court are free from error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.