(137 So. 418)

## BURNS v. BROUGHTON et al.

### 7 Div. 50.

Supreme Court of Alabama.

Nov. 5, 1931.

528

Rutherford Lapsley, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellees.

BROWN, J.

This is an action of trespass quare clausum fregit de bonis asportatis by appellant against appellees for wrongfully entering upon premises of which the plaintiff was in possession, and taking therefrom plaintiff's mules and other property used by him in his farming operations. Central of Ga. Ry. Co. v. Barnett, 220 Ala. 284, 124 So. 868.

The plea was the general issue, and, at the conclusion of the evidence, the court directed a verdict for the defendants by giving the affirmative charge requested by them in writing.

The defendants proved the execution of a mortgage by the plaintiff to the defendants on the mules in controversy, and on crops to be raised during the year 1930, to secure an indebtedness of $540 not due until October 1, 1930, some months subsequent to the alleged trespass, which contained the following provisions: "Now if I should fail to meet any one of the above described payments on this note when the same becomes due, or if I should abandon the cultivation of said crop, or *should fail to cultivate or gather said crops as in the opinion of J. W. Broughton they should be* * * * then upon the election of the said J. W. Broughton or his agent, all of this note shall become immediately due and I hereby authorize and empower J. W. Broughton or his agent to take possession of said property and crops and sell the same for cash at public sale, after giving three days' notice, by posting in one public place in Anniston, Alabama." And Broughton testified: "In my opinion Mr. Burns was not cultivating his crop or preparing his land as in my opinion he should have cultivated at that time."

The probable theory on which the affirmative charge was given is that this testimony of Broughton, above quoted, was conclusive of the right of defendants to declare the debt due and enter upon the premises and take the property, though the evidence was in conflict as to whether or not Broughton had reasonable cause for forming such opinion and acted in good faith in respect thereto.

More reasons than one appear on the record why it was error to direct a verdict for the defendants:

■ (1) It is well settled that in actions of trespass the defense of justification under legal authority must be specially pleaded. Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54.

■ (2) Though it appears from the bill of exceptions that the defendants proved the execution of the mortgage by plaintiff, on cross-examination, it does not appear that the mortgage was offered in evidence.

■ (3) The provisions of the mortgage italicized did not authorize J. W. Broughton to arbitrarily, without just ground therefor, form an opinion that plaintiff had failed to properly prepare the lands and cultivate or plant the crop, as good husbandry would require, to be judged by the practice, custom, and uses of farmers in the community. Manufacturers' Finance Acceptance Corporation v. Woods, 222 Ala. 329, 132 So. 611.

■ On this last question the evidence was in conflict, and made a case for jury decision.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.