141 So. 239

## TURNER et al. v. TOWNES.

### 6 Div. 91.

Supreme Court of Alabama.

April 14, 1932.

Mullins, Pointer & Deramus, of Birmingham, for appellants.

McCollough & McCollough, of Birmingham, for appellee.

564

**THOMAS, J.**

The trial was had on amended counts C and D. Demurrers to said counts were overruled, and that action of the trial court assigned as error.

 Count C was not bad for duplicity. It was substantially in Code form [section 9531, form 28]; it did not join trespass to the land and trespass in taking personal property. It is held permissible for one in the rightful possession of land to sue for trespass on that premise, and count C was not, under that pleading, subject to duplicity by the allegation that property was wrongfully taken from the premises, if the damages sought were confined to the realty. Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799. Such was the claim of damages in count C; it did not seek to embrace other elements of damages than those to the real property in question. Central of Georgia R. Co. v. Barnett, 220 Ala. 284, 124 So. 868. See Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A. L. R. 1473; Interstate Lumber Co. v. Duke, 183 Ala. 484, 62 So. 845; Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229. Demurrer should not have been sustained to amended count C.

The demurrers cannot be maintained, under the authorities, as to amended count D. It substantially followed the form prescribed (section 9531, form 28, Code), and confined the claim for damages to the personal property converted. The count was within the rule of Alabama Fuel & Iron Co. v. Andrews, supra.

There was no duplicity or misjoinder by making the deputy's surety on the official bond a party. The surety is constructively present and liable as per the official bond for acts done under color of office. See Pickett v. Richardson, 223 Ala. 683, 138 So. 274; Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794; Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 233, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Cheek v. Odom, 20 Ala. App. 31, 100 So. 782.

Refused charges 3, 6, and 14 should not have been given at defendant's request, for that Mrs. O. A. Townes did not take possession of the premises and property in question under and by virtue of her relationship as the wife of O. A. Townes, but as the tenant of the owner, Mr. Drennen. She therefore held from the owner as a tenant, and not from the husband and by courtesy as the wife; so informed the officer with the writ to dispossess the husband who, the evidence shows, was not living with her as her husband, and had not done so for a long period antedating the execution of the writ of possession. This writ was against the former husband, and not against the plaintiff. The testimony of Mr. Drennen shows that plaintiff was his tenant by contract, and that she paid the rent. The evidence shows that she was not holding as the tenant of Culbertson and Montgomery, or other person than the owner, Mr. Drennen.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.