145 So. 150

## BRYAN v. DAY.
I Div. 712.

Supreme Court of Alabama.
Dec. 22, 1932.

D. P. Moore, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

FOSTER, J.

The first, fourth, and fifth counts of the complaint were laid in trespass to realty, accompanied with the seizure and removal of personal property. The fact of the seizure of personal property does not change the character of the count. Central of Georgia R. Co. v. Barnett, 220 Ala. 284, 124 So. 868.

The second count is in trespass to personalty. To counts in trespass justification must be specially pleaded, and the general issue does not permit proof of justification. Womack v. Bird, 51 Ala. 504; Barrett v. City of Mobile, 129 Ala. 179, 30 So. 36, 87 Am. St. Rep. 54; Burns v. Broughton, 223 Ala. 527, 137 So. 418.

The third count is in trover for the conversion of the same personalty. The general issue to this count permits proof of justification, and no special plea is necessary. Barrett v. City of Mobile, supra; Ryan v. Young, 147 Ala. 660, 41 So. 954; Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

To each of the counts defendant attempted to plead, specially (1 and 2), justification under process issued out of the circuit court of Mobile county executed by the sheriff. There was no general issue. The court overruled demurrer to the special pleas 1 and 2, and such ruling is assigned as error, and was the basis of plaintiff's nonsuit, and is the only assignment argued in brief.

The pleas seek to avoid liability on the trespass counts on account of the matter set up, and are therefore properly classed as in confession and avoidance as pleas to those counts, but do not expressly confess their allegations. It is claimed that they are defective because they do not confess the complaint.

But we think that a special plea which sets up new matter consistent with the complaint without denying any of its allegations, and which new matter is a good avoidance of the right of recovery, will be treated as though it confessed the complaint.

We also think, on the other hand, that if the same plea is inconsistent with, or is inherently a denial of, something which is expressly alleged in the complaint, or implied by law from its averments, it will be treated as a denial and not a confession. We do not think the pleas are subject to the demurrer on the ground we have discussed.

But we do think they are subject to the demurrer for that they undertake to justify under legal process, and there is no sufficient averment of the nature and authenticity of such process to be sufficient justification. The rule in this respect has been mentioned in several of our cases, which we need merely here cite. Daniel v. Hardwick, 88 Ala. 557, 7 So. 188; Olmstead v. Thompson, 91 Ala. 130, 8 So. 755; West v. Hayes, 120 Ala. 97, 23 So. 727, 74 Am. St. Rep. 24; Gillespie v. McCleskey, 160 Ala. 289, 49 So. 362.

The theory and legal implication of trover for a conversion is that defendant's conduct was wrongful and not justified. The general issue denies the inference of a want of justification. But when that is set up by special plea to such a count the matter of justification should be well pleaded, though it is in the nature of a general issue because it is inherently a denial if well pleaded. To the trespass counts justification must be specially pleaded, and its averment is not inherently a denial but is inherently a confession. So that the pleas are measured by the same standard for sufficiency in the description of the process, whether they answer the trover or trespass counts. We do not think they describe with sufficient detail the nature and authenticity of the process as required by the pertinent authorities.

Defendant does not undertake to justify a peaceable seizure of the property by authority of right under his conditional sale contract (Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Fuller v. State, 115 Ala. 66, 22 So. 491; Street v. Sinclair, 71 Ala. 110; Burns v. Campbell, 71 Ala. 271), but seeks to justify only by legal process which is insufficiently pleaded. We think the demurrer to

them on that ground should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.