**CROTWELL et al. v. COWAN et al.**

**6 Div. 623.**

Supreme Court of Alabama.

Oct. 10, 1940.

120

Ross, Ross & Ross, of Bessemer, for appellants.

Edw. H. Saunders, of Bessemer, and G. P. Benton, of Fairfield, for appellees.

BROWN, Justice.

This is the second appeal by the defendants from judgments entered on the verdicts for plaintiffs. The former appeal is reported as Crotwell et al. v. Cowan et al., 236 Ala. 578, 184 So. 195.

On the trial following the remandment, the complaints were amended by adding Count A and withdrawing all other counts. Count A ascribes the plaintiff's injury and damages consequent upon the collision of the two automobiles, to *the negligence* of the defendant Crotwell in the operation of the Daniel's automobile, as the

agent of the defendant Daniel acting within the scope of said agency. One of the contentions of the appellants is that said Count A is in trespass as to Crotwell and case as to Daniel, and offends the rule that trespass and case can not be joined in the same count. Counts in case and trespass may be joined in the same action when they relate to the same occurrence or acts, and to all of the defendants, but it is not permissible to join case and trespass in the same count. Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103.

■ Under the common law, the foundation for civil liability for injuries to persons and property consequent upon the unintentional application of force, whether the act be affirmative or omissive, is negligence, and the appropriate common law action is case, speaking more correctly, trespass on the case. But when force is intentionally applied by direct affirmative act it is trespass and the appropriate action for the recovery of damages therefore is trespass. Pruitt v. Ellington, 59 Ala. 454; City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Aldrich v. Tyler Grocery Co. et al., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617; 20 R.C.L. p. 6, § 1; Central of Georgia Railway Co. v. Freeman, 140 Ala. 581, 37 So. 387; Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 So. 1017; Birmingham Railway Light & Power Co. v. Wright, 153 Ala. 99, 44 So. 1037.

The statement in Hawkins v. Barber, 231 Ala. 53, 54, 163 So. 608, characterizing the action as trespass against Edwards, was clearly an inadvertence and inconsistent with the ruling therein recorded.

In City Delivery Co. v. Henry, supra [139 Ala. 161, 34 So. 390], it was observed: "The first and third counts of the complaint aver that 'the defendant, by and through its agent or servant, John McClary, negligently caused an ice wagon which was drawn by mules or horses to run against and strike plaintiff with great force, thereby throwing her to the ground and inflicting upon her serious injuries,' etc. It is insisted for appellant that these counts are in trespass, and not case. We think not. If it be granted that, construing the averments against the pleader, the intendment is that the running against and striking the plaintiff were directly caused by the *negligent act* of the defendant itself, and not that the collision was due to the negligent act of the defendant's servant, merely, still *the injury, being a resultant of negligence, and not of intentional causation, would be indirect, wanting in the application of force, and consequential, within the doctrine which distinguishes case from trespass."* [Italics supplied.]

■ Applying the reasoning to said count A, it is in case as to both defendants, and is not subject to the objection now made to it. The demurrers of the defendants were, therefore, properly overruled.

■ The court did not err in refusing defendants' requested written charge 17. If for no other reason, it was defective in pretermitting the element that plaintiff's negligence *proximately* contributed to the injury and damages. Crotwell et al. v. Cowan et al., supra.

The evidence, offered on the last trial, as to relevant substantive facts, is in substance the same as was given on the former trial, presenting questions for jury decision as to defendant's negligence as well as contributory negligence on the part of Mrs. Cowan. The several affirmative instructions requested, as well as the general affirmative charge for each of the defendants, were properly refused, and the motion for new trial was overruled without error.

We have examined the several rulings on evidence and the court's rulings on objections to argument of plaintiff's counsel to the jury. We find no error therein.

The record and proceedings on the trial appear to be free from error.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.