54 So.2d 715

**WOMBLE et al. v. GLENN et al.**

**6 Div. 208.**

Supreme Court of Alabama.

Oct. 25, 1951.

Caesar B. Powell and Paschal P. Vacca, Birmingham, for appellants.

Whitmire, Bynum & Coleman, Birmingham, for appellees.

BROWN, Justice.

This is an action of trepass *quare clausum fregit* by the appellees against the appellants. The plaintiffs had verdict and judgment for one thousand three hundred and seventy-five dollars and the defendants have appealed.

After demurrer sustained to the original complaint the plaintiffs amended their complaint by stating their cause of action in two counts, the first claiming damages in the sum of five thousand dollars "for a trespass by the defendants, on to-wit: the 2nd day of September 1949 on the following land situated in Leeds, Jefferson County, Alabama, viz.: Lots 2 and 3, Block 2, in Russell Heights, Leeds, Alabama belonging to and in the possession of the plaintiffs and for removing household goods therefrom." The second count is in like form with the additional averment that "Plaintiffs aver that the said taking of said household good— was unlawful and plaintiffs claim exemplary damages thereof."

To each of said counts the defendants plead "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the Plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded."

The plaintiffs offered evidence going to show that they purchased the property described in the complaint from Joe Coon and wife in December 1945 and received a warranty deed from said grantors duly acknowledged and entered of record in the office of the judge of probate November 30th, 1946. Plaintiffs went into possession of the property and at that time there was a house of two rooms on one of the lots. Plaintiffs with lumber and material from an old barn given to them completed the

two rooms and bought material to add a third room, the material consisting of roofing and window frames, and because of necessitous circumstances, Glenn being without work, did not go forward with the work of building the third room. At this juncture the defendant Cecil Womble, who was doing business under the name "The Alabama Roofing Co.", through his agent, offered to finish the third room and put on the roof for $600.00. This was in 1947. This offer was accepted by Mrs. Glenn.

After the work on the house was completed on October 5, 1948, plaintiffs executed a mortgage, acknowledging their indebtedness to the Alabama Roofing Company in the sum of nine hundred dollars, payable in 36 monthly installments of $25.00 each, the first installment due November 1st, 1948, the remaining installments on the 1st of each month thereafter. The mortgage embraced the property described in the complaint with power of sale and accelerating clause maturing the entire indebtedness on failure to pay any installment or part thereof. Both of the plaintiffs on cross-examination admitting signing the mortgage which on its face shows both a general acknowledgment and the separate acknowledgment of the wife before a notary public. The mortgage was filed and entered of record in the office of the Judge of Probate of Jefferson County October 8th, 1948.

The note signed by the plaintiffs was received in evidence without objection and the endorsements thereon show three payments aggregating $45.00, the last purporting to have been made on February 8th, 1949.

The foreclosure deed was adduced in evidence without objection. Its recitals show that after default the property described in the mortgage "was advertised for sale in the 'Weekly Call,' a newspaper published in Jefferson County, Alabama, which advertisement appeared in said paper on January 22nd, 29th and February 5th, 1949, respectively, all of which was in accordance with the terms of said mortgage." The property was sold in front of the court house door of Jefferson County, Alabama, on the 15th day of February, 1949, and was purchased by Emma Forbes Womble for the sum of Nine Hundred Twenty-two Dollars and Twenty-one cents, which was the best and highest bid therefor. The foreclosure deed concludes:

"Now, therefore, in consideration of the premises, and under and by virtue of the power of sale contained in said mortgage, and the law in such cases made and provided, the said Alabama Roofing Company, by Cecil Womble, owner, mortgagee, does hereby grant, bargain, sell and convey to Emma Forbes Womble, all of the right, title and interest of Cunningham Glenn and wife Vera Mae Glenn, mortgagors, and all of the right. title, claim and interest of Alabama Roofing Company, mortgagee, in and to the following described real property, situated in Jefferson County, Alabama, to-wit: Lot 3, Block 2, in Russell Heights, according to C. S. Whitmire's Survey by J. D. Moore, Engineer. Also Lot 2, Block 2, in Russell Heights according to C. S. Whitmire's Survey by J. D. Moore, Engineer.

"To have and to hold, unto the said Emma Forbes Womble, her heirs and assigns forever.

"Witness my hand and seal, this the 15th day of February, 1949.
"Alabama Roofing Company
"Mortgagee
"By S/ Cecil Womble, Owner."

The deed contained appropriate certificate of acknowledgment before a notary public and was filed and recorded on March 2nd, 1949.

Thereafter the defendant Emma Forbes Womble on May 3rd, 1949, filed an action in the nature of an action of ejectment against the plaintiffs in this cause in the Circuit Court of Jefferson County. The return of the sheriff on the summons and complaint shows service on both defendants in that action on May 2, 1949, the day before the summons was issued. The plaintiff in the ejectment suit obtained a judgment by default on June 10th, 1949, for possession of the land sued for and

$75.00 damages with costs on which writ of possession and execution for the damages and cost were issued on June 30th, 1949. The sheriff executed the writ of possession, dispossessed the defendants in ejectment and placed the plaintiff in possession by removing the furniture and household goods from the house and placing the same on the roadside in front of the house. The writ was returned by the sheriff "no property found from which to make costs" on July 2d, 1949, but showing the dispossession of the defendants and the putting of the plaintiff in ejectment in possession.

About fifteen days thereafter the defendants in ejectment moved their furniture and household goods back into the house and lived therein until some time in September when they were again dispossessed by the deputy sheriff and two Negro men used for such work by the City of Birmingham as the evidence for plaintiff goes to show. At the instance of the defendant Cecil Womble, who was present, the furniture and household goods were damaged, crushed and broken, rugs and draperies damaged. One or both of said deputies testified that they acted "under order of court" but no such order was shown in evidence. Nor was the alias, indicated by the "Civil Fee Book" kept by the clerk of the court, issued "8–10–49" produced in evidence. The plaintiffs offered proof going to show the cost to them of the property damaged and that some of it was rendered worthless by the acts of the deputies and men who removed the household goods from the house by placing it near the highway where it was splattered with water and mud. The only usable articles were the bedstead and bedding which was watersoaked by rain and damaged by mud or dirt.

As to the alleged damages and abuse of the plaintiffs' household effects on the last act of dispossessing, the defendants offered evidence tending to show that said household effects were handled carefully and without damage thereto.

█ Appellees insist that after complete execution of the mandate of the writ of possession by dispossessing the plaintiffs (the defendants in the ejectment action) and placing their adversary in possession,—said writ had served its purpose because *functus officio*. Therefore, the defendant in this action of trespass to the realty and the persons who acted for and at their insistence cannot justify under that process the trespass subsequently committed by the removal of the household goods from said house and for the damages thereto.

This seems to be the general rule and is supported by the authorities cited by appellees. 135 Am.St.Rep. 646; Freeman on Executions, § 470; 19 C.J. p. 1220, § 328; 28 C.J.S., Ejectment, § 122; 18 Am.Jur. p. 1220, § 328; 18 Am.Jur. p. 115, § 145; Gresham v. Thum, 60 Ky. 287, 77 Am.Dec. 174. And as observed in Ex parte Krasner et al., 249 Ala. 640, 641, 32 So.2d 678, 680. "The lis pendens resulting from filing the complaint and service of process is terminated by the final judgment and no duty rests upon the parties to the suit to further attend proceedings in the case without notice and all such proceedings without notice are void." The last-cited case tends to support the stated rule. Certainly no further "order of court" could be made which would be binding without notice and the right to be heard. This principle conceded, does it save the plaintiffs' judgment from reversible error?

██ Neither the proceedings and judgment in the action of ejectment, regular on their face, nor the execution and foreclosure of the mortgage are subject to collateral attack in an action at law. A judgment by default against the defendant in an action of ejectment under the statute is an admission by the defendant of title in the plaintiff. Code 1940, Tit. 7, § 951. As to the mortgage and its foreclosure see Monroe v. Arthur, 126 Ala. 362, 28 So. 476, 85 Am.St.Rep. 36; Appelbaum v. First National Bank of Birmingham, 235 Ala. 380, 179 So. 373; Hayes v. Southern Home Bldg. & Loan Ass'n, 124 Ala. 663, 26 So. 527, 82 Am.St.Rep. 216.

█ It has been soundly held in many cases by this court that "It is a perfect defense to an action of trespass *quare clausum fregit* * * * that the defendant owns

378

the land in question, and * * * had, at the time in question, the right to enter". Southern Railway Co. v. Hayes, 183 Ala. 465, 476, 62 So. 874, 877; Landrum v. Davidson, 252 Ala. 125, 127, 39 So.2d 662; Turner v. Townes, 224 Ala. 562, 141 So. 239; Foust v. Kinney, 202 Ala. 392, 393, 80 So. 474.

■ The appropriate action for damages to goods and chattels is *trespass asportatis* or *vi et armis* or in case where the damage results as a proximate consequence of negligence, trespass on the case would lie.

■ In an action for damages to household goods and chattels it is permissible for the plaintiffs to show the value of the goods to them and as shedding light thereon, the measure of damages, it is permissible to show the price paid therefor and other relevant facts. White v. Henry, 255 Ala. 7, 49 So.2d 779; Southern Ry. Co. v. Bailey, 220 Ala. 385, 125 So. 403.

After the completed execution of the writ of possession by dispossessing the defendants in ejectment and the return of the same to the court from which it issued, the only "appropriate" writ that could issue under § 961, Title 7, Code of 1940, would be a writ fieri facias for the collection of the damages and costs recovered in the ejectment suit.

■ The evidence shows without dispute that the title to the land was vested in the defendant Emma Forbes Womble and that the defendant Cecil Womble was acting as her agent in participating in the alleged trespass and had the right to rely upon and justify her legal title.

We are, therefore, of opinion that the defendants (appellants here) were due the affirmative charge requested by them in writing and the court erred in refusing the same. For this error the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.