135 So.2d 163

### C. O. OSBORN CONTRACTING CO.

v.

### ALABAMA GAS CORPORATION.

6 Div. 554.

Court of Appeals of Alabama.

March 24, 1959.

Rehearing Denied May 12, 1959.

Reversed on Mandate Nov. 14, 1961.

S. Palmer Keith, Jr., Birmingham, for appellant.

White, Bradley, Arant, All & Rose, and Paul Hardin, III, Birmingham, for appellee.

PRICE, Judge.

This action, brought to recover damages for injuries inflicted by defendant to plaintiff's underground gas main, was tried by the court without a jury, resulting in judgment for plaintiff for $327. Defendant appeals.

The complaint, containing one count, is as follows:

"Plaintiff claims of defendants the sum of $500.00 damages for a trespass by the defendants on the following described property, viz: One 8 inch cast iron gas main lying under 5th Avenue, South between 35th and 36th Streets, in the City of Birmingham, Jefferson County, Alabama, belonging to the plaintiff. Plaintiff was damaged in that on to-wit, January 7, 1955, the defendants' drag line dropped onto or against said main and crushed the top half of the main, proximately causing said damages."

To said count the defendants plead "in short by consent the general issue, with leave to give in evidence any matter which if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded; and with leave to the plaintiff to give in evidence any matter, which if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded. Defendants plead the Statute of Limitations of one year as a special defense."

The case was tried upon the following:
"Stipulation of Facts"

"It is hereby agreed by counsel for plaintiff and defendants that the following facts are true and constitute all of the facts herein:

"Defendants had a contract with the City of Birmingham, Alabama to build a storm sewer under fifth avenue South between 35th and 36th Streets in the City of Birmingham (Jefferson County) Alabama. The plaintiff has an 8 inch cast iron gas main lying in its right of way under said avenue and street. Defendants in excavating for said storm sewer piled dirt taken from said excavation onto the level above said gas main. Certain amount of dirt was excavated by defendants from under the area where the gas main was located—The plaintiffs assistant general foreman requested defendants to remove dirt from the area called the overhang after defendants had excavated dirt from under the pipe line in order to prevent cave-in.

"The defendants were using a drag line with bucket which weigh a ton and a half to 2 tons, which came into contact with said main and crushed the top half proximately causing damages in the amount of Three Hundred, Twenty-Seven Dollars ($327.00).

"The above incident happened on January 7, 1955, and suit was filed on January 11, 1956.

"Exhibit No. A is attached hereto as a part of the Stipulation.

"An employee of defendants was operating the drag line on January 7, 1955, at the time and place complained of. He was acting in line and scope of his employment.

"Defendant had been working on said storm sewer for approximately one month at the time of said damage and plaintiff's assistant foreman was checking said main on behalf of plaintiff."

The assignments of error are:

"1. The trial court erred in granting a judgment for appellee (Plaintiff) against appellant for Three Hundred, Twenty-Seven ($327.00) Dollars * * *.

"2. The trial court erred in granting a judgment to appellee on the 29th day of November, 1956, in that the statute of limitations of one year had expired before suit was filed.

"3. The trial court erred in overruling and denying appellant's motion for new trial * * *."

Appellee asserts that it was entitled to recover on the theory of a trespass quare clausum fregit to its right of way, and that the provisions of Sec. 88, Title 7, Code 1940, confers the right to maintain such an action. The code section reads: "The unlawful interference with the right of way, or of common, is a trespass to the party entitled thereto."

Appellant maintains that the proof does not sustain appellee's position that a trespass was committed, but insists that the proof shows conclusively that the action was one in trespass on the case, and therefore, was not brought within the time limited by statute for commencement of such action.

Title 7, Sec. 21, Code 1940, provides a six year limitation for commencement of actions for trespass to real or personal property.

Title 7, Sec. 26, Code, supra, provides that actions of trespass on the case must be commenced within one year.

Our search discloses no decision by our courts determinative of the question presented.

Socony-Vacuum Oil Co. v. Bailey, 202 Misc. 364, 109 N.Y.S.2d 799, 800, was a case involving an injury to an oil pipeline maintained by the plaintiff under a duly recorded easement across certain private property in a rural area. Defendant, hired by the owner to level the property, struck the pipeline with a bulldozer. The court said:

"From an analysis of the pleadings and briefs, it appears that the plaintiff seeks to recover on the theory that the defendant committed a trespass to its easement and to its pipe line. If this court understands correctly the substance of the plaintiff's position, it attempts to claim an actionable wrong by the defendant against its easement of a type which might have been covered at common law by an action of trespass on the case and further, a wrong against its personalty, i. e., the pipe line, as a trespass to chattels, which might have been founded at common law on the ancient actions of trespass vi et armis or de bonis asportatis. It does not seek to recover on the theory of a trespass quare clausum fregit to its easement. Because of the requirement that trespass quare clausum fregit must be against a possessory estate in real property, it was well established at common law that an easement, being an incorporeal hereditament was not such an interest as would support that action. Pollock's Law of Torts, 14th ed. 1939, p. 299; Tiffany, Law of Real Property, 3rd Ed. 1939, Vol. 3, § 814; * * *." It is equally clear that the plaintiff does not seek to recover on the theory of negligence and, in fact, the evidence would sustain no such claim." The court further stated:

"It is important to analyze the act which constitutes the alleged trespass before it can be found to be actionable under the principles underlying any of the common-law actions of trespass. In the absence of any question of negligence, the requi-sites were the same whether the act was to be remedied by an action of trespass to chattels or an action on the case. Before the act was actionable, it was necessary that it be voluntary. (Citation) There is no question that in the instant case the defendant was acting voluntarily when he operated the bulldozer in such a manner as to strike the plaintiff's pipe line. It must, however, have been more than just a voluntary act. The act must also have been intentional except in a case of negligence which it has already been established is not involved herein. It was not necessary, however, that the trespasser intend to commit a trespass or even that he know that his act will constitute a trespass, (Citation.) The action may be innocent of moral fault, but there must be an intent to do the very act which results in the immediate damage. In other words, trespass requires an intentional act. (Citation.) Applying this requirement to the case at bar, it is difficult to find the defendant's act in striking the pipe to be an actionable trespass. There is no proof that the defendant intended to strike the pipe and, in fact it is clearly established to the contrary, for he did not know the existence or location of the line, nor is he charged with such knowledge for purposes of determining whether his action was intentional. Without an intentional act, the defendant's conduct cannot give rise to a trespass and, therefore, the plaintiff's cause of action based on the theory of a trespass must fail."

In Mountain States Telephone & Telegraph Co. v. Kelton, 79 Ariz. 126, 285 P. 2d 168, the court followed the holding in Socony-Vacuum Oil Co. v. Bailey, supra, in determining that a contractor, damaging underground telephone cable laid across private property under an easement, while doing clearing work for the property owners, without knowledge of the existence of the cable, was not liable to the telephone company on the theory of trespass.

Illinois Bell Telephone Co. v. Charles Ind. Co., 3 Ill.App.2d 258, 121 N.E.2d 600,

quotes from many decisions dealing with the problem presented where the conduit is beneath a public street. The court held that a contractor, engaged in installing a sewer, using a ditch digging machine for such purpose had the duty to inform himself of the location of the telephone company's cable in the city street and when its excavating hoe struck and damaged plaintiff's cable defendant committed a trespass for which it was liable.

In Crotwell v. Cowan, 240 Ala. 119, 198 So. 126, 127, the court said:

"Under the common law, the foundation for civil liability for injuries to persons and property consequent upon the unintentional application of force, whether the act be affirmative or omissive, is negligence, and the appropriate common-law action is case, speaking more correctly, trespass on the case. But when force is intentionally applied by direct affirmative act it is trespass and the appropriate action for the recovery of damages therefore is trespass."

"The appropriate action for damages to goods and chattels is trespass asportatis or vi et armis or in case where the damage results as a proximate consequence of negligence, trespass on the case would lie." Womble v. Glenn, 256 Ala. 374, 54 So.2d 715, 718.

A count in substantially the same form as here involved was held sufficient to charge trespass to personal property, in Hardeman v. Williams, 169 Ala. 50, 53 So. 794.

We are of opinion the complaint charges defendant with trespass to personalty rather than a trespass quare clausum fregit.

We, therefore, pretermit a consideration of the question of plaintiff's right to maintain an action of trespass quare clausum fregit for an interference with its easement in a public street, particulary since no such question was raised either in the trial court or on appeal.

The evidence clearly establishes defendant's actual knowledge of the existence and location of plaintiff's main, and it is our view that under the authorities the evidence was sufficient to sustain the trial court's finding that the defendant committed a trespass for which it became liable to plaintiff.

There was no error in the denial of the motion for a new trial.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of C. O. Osborn Contracting Co. v. Alabama Gas Corporation, 273 Ala. 6, 135 So.2d 166.