This appeal is from a judgment, in an action tried ore tenus, which denied relief to plaintiff Ernest Frazier in his action to set aside a default judgment in favor of defendant Minnie Malone in a prior action by her against him in the nature of ejectment; to set aside a note and mortgage allegedly executed by Frazier in favor of Malone; to find that Frazier is not indebted to Malone; and alleging various causes of action arising: out of a contract for home repair; a note and mortgage executed in connection therewith; the foreclosure of that mortgage; the ejectment action arising from that foreclosure; and the execution upon the judgment in the ejectment action. We affirm.
 Issue
The dispositive issue is whether the trial court erred to reversal by refusal, in this action, to set aside the default judgment against Frazier in a prior ejectment action.
 Facts
In January 1972, Frazier contracted with one Eades for certain repairs on Frazier's home. The repairs were financed by Malone in consideration of which Frazier executed a note and a mortgage on his home in favor of Malone. Shortly thereafter, Frazier defaulted and in July 1973 Malone foreclosed. This was followed in February 1974 *Page 147 
by action in ejectment against Frazier in connection with which he employed an attorney, but no formal appearance in his behalfwas made by that attorney. Subsequently, Frazier received notice that the action was set for trial on 2 September 1975. He took the notice to his attorney who indicated he would discuss the matter with Malone's attorney in an effort to work out a settlement. Nothing came of this.[1] On 26 August 1975, prior to the date set for trial, default judgment in the ejectment action was entered against Frazier. That judgment stipulated that execution would be stayed until 25 September 1975 and so it was. Shortly thereafter, Frazier and his attorney met with Malone's attorney and as a result it was agreed that execution would be stayed for an additional 25 days or so.
No action was ever taken in behalf of Frazier to review orset aside the default judgment. The docket sheet of the circuit clerk, however, contains the following notations:
 "Hold 10-23 do not iss. writ until he req." "322-7739 12-1-75 Sec. w/call me back 12-22-75
Sec. w/let me know [name omitted] Sec. called-w/pay cost has worked out other with/[name omitted]" "5-19-76 [name omitted] says iss. writ of possession"
On 4 June 1976, writ of possession was executed and Frazier, together with his belongings, was removed from the premises (on that same day, apparently, as soon as the sheriff was out of sight, Frazier took himself and his belongings back into the house, where he still remains). On 17 June 1976, this action was filed.
 Contentions of the Parties
As stated in brief, and at oral argument, Frazier says the issues are as follows:
 "(1) Should the note and mortgage be declared invalid because it is acknowledged by one interested in the conveyance and transaction?
 "(2) Should the mortgage and ensuing foreclosure deed be set aside as invalid because the realty is improperly described in the mortgage?
 "(3) Should they be declared null because no consideration, whatsoever, passed between plaintiff/appellant and appellee?
 "(4) Where the purported mortgagor denies the authenticity of his signature and appellee's own witnesses cannot explain various inconsistencies, did the trial judge abuse his discretion by failing to consider appellee's total inability to explain away said inconsistencies?
 "(5) Should a default judgment rendered prior to an established date for trial be allowed to stand?
 "(6) Is res judicata a valid defense to an equity action filed to set aside a default judgment rendered prior to an established trial date?"
On the other hand, Malone says the issues are:
 "1. Does a final judgment by a court with jurisdiction over the parties and over the subject matter constitute res judicata in an action between the same parties when the issues in both actions are identical. [Citation omitted.]
 "2. Is a judgment in an ejectment action, between identical parties and concerning identical issues, and rendered by a court of competent jurisdiction, conclusive and binding upon the parties and issues presented or which could have been presented therein, except where the subsequent action is an action in ejectment. [Citations omitted.]
 "3. Is a judgment entered by a court of competent jurisdiction, with jurisdiction over the parties, subject to direct or collateral attack where there was no fault, mistake, inadvertence or any other grounds for attacking such judgment; and where the party complaining of such *Page 148 
judgment was served with process, received notice of the proceedings, and employed counsel to defend such proceeding. [Citations omitted.]
 "4. Is a mortgage invalid for improper acknowledgement where the official taking the acknowledgement was not interested in the conveyance, and where the mortgagor admits his signature on the instrument.
 "5. Is a mortgage valid between the parties thereto despite an alleged misdescription of the land contained therein, where both parties intended to mortgage the land in question. [Citation omitted.]
 "6. Should the determination of the trial court, sitting without a jury, that a mortgagor's signature to a mortgage is authentic be overturned where the mortgagor admits that the signature is genuine and where the notary who took the acknowledgement of the mortgage testifies that the signature is genuine, and no evidence appears in the record which would tend to indicate that the signature to the mortgage was not genuine.
 "7. Is the determination of the trial court, sitting without a jury, that there was no failure of consideration for a note subject to attack on appeal where the record indicates that the payee of the note financed repairs to the maker's home pursuant to a contract with a third party."
The statement of the issues by the parties is acceptable as a summary of their respective contentions in support of reversal or of affirmance of the judgment below.
 Decision
The trial court apparently properly treated this action as a bill of review, or as a bill in the nature of a bill of review, under Rule 60 (b), ARCP.
The trial court made findings of fact upon which it based the judgment denying Frazier the relief he sought. The findings are:
 "1. That the final judgment entered in the action captioned Mrs. Minnie Malone v. Ernest Frazier, Civil Action No. 43160 [the ejectment action], in the Circuit Court of the Tenth Judicial Circuit of Alabama, on August 26, 1975, is a valid and binding judgment and that such judgment is not due to be set aside or vacated in this action.
 "2. That the evidence presented fails to reasonably satisfy the Court that the signatures purporting to be that of the Plaintiff [Frazier] on the note, mortgage and disclosure documents involved in this action are forgeries and not the signatures of the Plaintiff.
 "3. That the evidence fails to show that the note and mortgage involved here are defective, void or voidable for want of consideration."
Evidence in the record amply supports these findings including the facts that Frazier signed the note and mortgage and there was consideration for the mortgage. The burden is upon the mortgagor to establish lack of consideration where a note and mortgage in evidence establish a prima facie case. Willinghamv. Langford, 257 Ala. 595, 60 So.2d 387 (1954). We will not substitute our judgment on these factual issues for that of the trial court. Gordon v. Love, 380 So.2d 287 (Ala. 1980).
Because of an alleged discrepancy between the description of the property in the mortgage and the description of it in the foreclosure deed, appellant contends the mortgage and therefore the foreclosure and ejectment are invalid. According to Frazier the property he actually owned is described as follows:
 "Lot 20, Block 46, according to the survey of East Birmingham, as recorded in Map Book 1, Page 7, in the Office of the Judge of Probate of Jefferson County, Alabama."
In the mortgage to Malone, and in the foreclosure deed, the real estate is described as follows:
 "Lot 20, Block 46, according to the First Addition to East Birmingham, as recorded in the Office of the Judge of Probate of Jefferson County, Alabama." *Page 149 
In addition to this latter description, the complaint in the ejectment action stated the street address of Frazier's property: 1101 Coosa Street, Birmingham, Alabama.
In Mid-State Homes, Inc. v. Brown, 294 Ala. 242,314 So.2d 838 (1975), this court articulated its reluctance to declare written instruments void because of misdescription where they can be made certain by reference to intention of the parties and surrounding circumstances.
The evidence before the trial court was clearly sufficient to support the conclusion that the property description in the mortgage referred to Frazier's property and was not invalid. Frazier testified that the description in the mortgage and note was of his house and that negotiations concerning the transaction involved his house. Under the circumstances the description is sufficient both in the mortgage and in the ejectment action. See Myers v. Ellison, 249 Ala. 67,31 So.2d 353 (1947); Karter v. East, 220 Ala. 511, 125 So. 655 (1929).
We now turn to the issue regarding the acknowledgment of Frazier's signature on the mortgage. An acknowledgment, under §35-4-23, Code 1975, to be effective as a substitute for a witness (or witnesses) under § 35-4-20, Code 1975, must be by one who is not personally interested in the mortgage. This court in Colburn v. Mid-State Homes, Inc., 289 Ala. 255,266 So.2d 865 (1972), distinguished between one having a financial interest in the transaction and one having a financial interest in the conveyance. It is the latter which operates to invalidate the acknowledgment. Here, appellant contends that Eades, as the contractor, had such an interest in this conveyance and transaction as to invalidate his acknowledgment of Frazier's signature. Eades' financial interest in this conveyance cannot be more than secondary or incidental where he neither supplied the loan proceeds nor took a security interest in the property. Instead, Eades' interest appears to be limited to obtaining payment for the home repairs by aiding Frazier in procuring financing for those repairs.
Broadening the present standard which disallows acknowledgments by those with an interest in the conveyance to also disallow those with any financial interest in the transaction would be fraught with such ambiguity and uncertainty in application that even the most tenuous and remote interest in the transaction might be construed to invalidate the acknowledgment. The acknowledgment was valid.
As to the issue regarding the time of entry of the default judgment, we cannot conclude that it was defective or voidable because it was entered before the date the case was set for trial. There was no appearance by Frazier and therefore he was not entitled to any notice before entry of default judgment.Cockrell v. World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977). Although the default judgment was entered 26 August 1975, before the 2 September 1975 date set for trial, Frazier had been personally served with process on 11 March 1974 and failed to make an appearance. There was no error in entering the default judgment.
We will now consider whether the prior default judgment in the ejectment action may be raised as a defense in, or is resjudicata of, this action.
The law is clear that one judgment in ejectment is resjudicata in all proceedings involving title other than in another action in ejectment. McCormick v. McCormick, 221 Ala. 606,130 So. 226 (1930). Although § 6-6-298, Code 1975, provides that two judgments in favor of a defendant in an action of ejectment create a bar to further actions between the same parties, or their privies, for recovery of land, this should not be construed to mean that the first action is without any effect. In Moore v. McLean, 248 Ala. 9, 26 So.2d 96
(1946), the plaintiff filed a bill in equity to establish claims in lands which had previously been the subject of an ejectment action wherein a default judgment had been entered against the plaintiff. The bill did not allege fraud or other bases upon which to vacate the judgment, nor did it allege any equitable rights not available as a defense *Page 150 
to the ejectment action. In that case this court held the prior judgment to be binding.
Furthermore, with regard to default judgments in ejectment, §6-6-290, Code 1975, does not require two favorable judgments in order to bar further action to recover the land. In Womble v.Glenn, 256 Ala. 374, 54 So.2d 715, 719 (1951), it was stated:
 "Neither the proceedings and judgment in the action of ejectment, regular on their face, nor the execution and foreclosure of the mortgage are subject to collateral attack in an action at law. A judgment by default against the defendant in an action of ejectment under the statute is an admission by the defendant of title in the plaintiff. * * *"
The trial court, therefore, properly treated this as an action for relief from judgment under Rule 60 (b), ARCP. To obtain relief under 60 (b) one of the grounds under that rule must be alleged and proved as well as showing that one has a meritorious defense to the action. Raine v. First Western Bank,362 So.2d 846 (Ala. 1978).
When passing on an attack upon a judgment the court is given wide discretion; it must balance the desire to remedy injustice against the need for finality of judgments. Committee Comments, Rule 60, ARCP. In this action the grounds under Rule 60 (b) upon which appellant sought relief from judgment in the ejectment action are not specified. The trial court denied relief based on the factual showing made in this independent action to set aside the judgment. We will not reverse the trial court unless there is evidence showing an abuse of discretion or violation of some legal right of appellant. There is neither in this case. Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). The judgment below is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.
[1] The attorney then representing him is not the same who prosecutes this appeal.