STANOLIND OIL & GAS CO. et al. v. PHILLIPS.

No. 31608. March 6, 1945.

Rehearing Denied April 3, 1945.

Application for Leave to File Second Petition for Rehearing Denied April 24, 1945.

*157 P. 2d 751.*

W. T. Anglin, Alfred Stevenson, and O. S. Huser, all of Holdenville, for plaintiffs in error.

Pryor & Wilbanks, of Holdenville, for defendant in error.

BAYLESS, J. C. H. Phillips, a tenant under an agricultural lease to certain land, instituted an action in the district court of Hughes county against Stanolind Oil & Gas Company, a corporation, and other defendants, all operators of oil and gas leases within the drainage area of Wewoka creek, for damages to his growing crops resulting, as he alleged, from the overflow onto his land of oil and other pollutive substances that escaped from the leases of the defendants. He obtained judgment, and defendants appeal.

Among the defenses set up by defendants, and there is no issue of fact about

378

the particular defense, is one that the defendants had theretofore settled with the owner of the land for all damages done or to be done to the land or crops from such sources and had taken from the owner of the land an easement to flow these pollutive substances onto his land. Based upon this contract, defendants urge that the owner of the land could not have sued them for damages arising from such sources and that the tenant is in no better position in this respect. Defendants rely upon Gulf, C. & S. F. Ry. Co. v. Rutledge, 173 Okla. 245, 47 P. 2d 83.

Plaintiff takes the position that permitting these pollutive substances to escape from the possession of the defendants is a violation of our statutes, 52 O.S. 1941 § 296 et seq., and such an act is denounced as a crime and is punishable by fine and imprisonment, with the consequent effect of making any contract designed to permit the violation of such statutes void as contrary to public policy. This contention, as an elementary principle of law, is correct when applied to a proper situation.

We said in Tidal Oil Company v. Pease, 153 Okla. 137, 5 P. 2d 389, that it was not the intent or purpose of that act to prevent the owner of land from contracting with another to flow the forbidden substances upon or over his land. The language of that opinion, in part, is:

"The intent and purpose of the act is to prevent persons in the operation of oil and gas wells to deposit oil, etc., in ponds, tanks, etc., or in streams used by others for watering stock, and also to prevent such operators from allowing salt water to escape from their wells and flow over the surface of the land of others. To hold that operators could not flow salt water over the surface of land owned by them or leased to them for that purpose, or to deposit same in pools or tanks on their own land, would in many cases render impossible development for oil and gas in fields where salt water is produced. It would result in depriving the owner of land of the right to use it to his own advantage, where such use would in no way harm or injure others."

In the instance of the land leased to Phillips, the owner had contracted for all damages done or to be done to him, a thing he had a legal right to do; and had agreed not to sue for any future damage, a thing he had a right to do; and had agreed to let defendants and others flow these substances onto his land, a thing he had a right to do under the above decision. If he had the right to contract such things with and to defendants, his lessee thereafter with constructive notice of such easement does not acquire a right from him to restrict what he had already contracted away. His tenant stands in no better position.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

HURST, V.C.J., and OSBORN, CORN, and DAVISON, JJ., concur.