CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff, *v.* T J N CONSTRUCTION CORP., Defendant.

Civil Court of the City of New York, Trial Term, New York County, January 9, 1967.

*John M. Keegan* and *Samuel Levine* for plaintiff. *George H. Nadelson* for defendant.

ARNOLD L. FEIN, J. Plaintiff's endorsed complaint reads: "to recover $2,945.93, the cost of repairing plaintiff's underground conduit and cable damaged on or about October 7, 1963, at or near Neptune Ave. and West 1st St. Bklyn, New York through the negligence of the defendant its agents, servants and/or employees in the performance of their work and by reason of the defendant's failure to comply with the provisions of Section 693–4.0 of the Administrative Code of the City of New York; the plaintiff being in no wise contributorily negligent." That section provides: "§ 693–4.0 Excavations for private purposes — a. Notice to public service corporations. The person by whom or for whose benefit any excavation is to be made in any street shall give notice thereof in writing, to any corporation whose pipes, mains or conduits are laid in the street about to be disturbed by such excavation, at least twenty-four hours before commencing the same; and shall, at his expense, sustain, secure and protect such pipes, mains or conduits from injury, and replace and pack the earth wherever the same shall have been removed, loosened or disturbed, under or around them, so that they shall be well and substantially supported. If any such person shall fail to sustain, secure and protect such pipes, mains or conduits from injury, or to replace and pack the earth under or around them, as the provisions of this section require, then the same may be done by the corporation to whom the same may belong, and the cost thereof, and all damages sustained by such corporation thereby shall be paid by such person, and, in default thereof, such corporation may maintain an action against him therefor."

It was stipulated that defendant had timely given plaintiff the notice required by the section. Approximately a week before the alleged damage to plaintiff's property, one of plaintiff's employees in the performance of his duty, by electronic means, located certain subsurface electric conduits and cables of plaintiff underneath the broken concrete sidewalk on Neptune Avenue between West First and West Second Streets, Brooklyn. In accordance with custom, utilizing white, long-lasting, thick, traffic paint, he painted onto the surface of the sidewalk, alongside an electric utility pole, a large letter " E ", about 12 to 15 inches high, and two bars running alongside the " E " in the same direction for a distance of about two and a half feet to indicate the duct banks. Two or three similar letters and bars were placed in the pavement crossing Neptune Avenue. In the immediate vicinity, he placed stakes and other marks to indicate subsurface lines of plaintiff.

It was undisputed that this was a portion of a very large site on which demolition and construction for a new housing project was in progress. The sidewalks, roadway and adjacent area were torn up and broken. Extensive excavation and demolition were in progress. Many trucks, cranes and other heavy equipment were moving about the entire site. The curb lines were substantially gone; manhole covers were displaced; and there were trenches in the area. Plaintiff's trucks were also moving around in the vicinity.

On October 7, 1963 a back hoe owned and operated by defendant for excavation purposes hit and damaged plaintiff's subsurface lines at Neptune Avenue and West First Street, at a point under the sidewalk which was broken up. Defendant was engaged in the business of laying water mains on the site, under contract with the City of New York.

Defendant's testimony was that it never saw the letter " E ", painted on the sidewalk by plaintiff's employee about a week earlier, and that it was not visible on the broken sidewalk surface on the day of the incident. It is undisputed that representatives of plaintiff were on the general site during the progress of the work; that, on a daily basis, they personally notified defendant and other contractors as to the location of plaintiff's substructures; but that no such personal notice was given respecting the specific substructure concededly damaged by defendant. Plaintiff's only evidence as to notice to defendant respecting the location of this substructure, was as to the painting of the letter " E " and the bars. No maps or other schedules of plaintiff's lines were ever given or made available to defendant.

The only maps relied on by defendant were those of the City of New York, which only showed surface appurtenances and water mains. Defendant's testimony was that it is not usual to find utility lines under the sidewalk.

In *New York Steam Co.* v. *Foundation Co.* (195 N. Y. 43), relied on by plaintiff, the excavator was notified its work would damage the steam company's pipes and that the excavator would be held liable. The court found no negligence by the excavator and that the damage was inevitable, even though under its permit defendant proceeded lawfully and properly. The Court of Appeals held that there was no cause of action in negligence or in trespass and that there was no violation of any statute or ordinance on which to found liability.

Liability was based on the prior right of the steam company to place its pipes beneath the surface, of which the excavator had knowledge, and the fact that the excavator had willfully damaged plaintiff's pipes, with knowledge they were under the surface as a matter of right. Unlike our case, there was no issue of notice in *New York Steam*. Knowledge of the existence and location of the pipes was not in dispute. Nor was the Administrative Code or any other statute or ordinance involved. The court founded liability on the duty to use one's property and rights so as not to injure another or his property, imposing liability at peril, after holding there was no proof of negligence and no cause of action for common-law trespass.

In *Frontier Tel. Co.* v. *Hepp* (66 Misc. 265), also relied on by plaintiff, a house mover was held liable for damaging conduits and cables two feet below the surface, between the curb and sidewalk on a public street, by driving a stake. The complaint sounded in trespass and in negligence. Refusing to submit the case to the jury on the issue of negligence, the court directed a verdict for the utility on the ground of unlawful trespass. Relying on *New York Steam* (*supra*), defendant's motion for a new trial was denied. The court found that (1) the telephone company had no knowledge that the mover intended to drive stakes over its conduits; (2) it was not necessary to do so in moving; (3) there was no duty on the telephone company to notify defendant of the location of its subsurface structures; and (4) defendant had a duty to inform himself of their location because "Streets of a modern city are so underlaid with pipes and conduits * * * one may be required to almost take judicial notice that in digging he may encounter * * * pipe or conduit * * * ordinary prudence and care dictate that he should inform himself of what lies beneath, * * *. If

he fails to do this, he drives his stakes or makes his excavations at his peril.'' (66 Misc. 271.)

Both cases are distinguishable. In *New York Steam* (*supra*) defendant had knowledge of the existence and location of the pipes, the damages were inevitable, and a species of absolute liability was imposed. In *Frontier Tel. Co.* (*supra*) the original decision was founded on trespass and then justified on the ground of negligence, based on a species of constructive notice. (See *Socony-Vacuum Oil Co.* v. *Bailey*, 202 Misc. 364.) Moreover, in both cases the work was being done for the benefit of a private party, on a public street in general use.

Here the work was being done as part of a widespread, large over-all project, on behalf of the City of New York. Plaintiff had actual knowledge of the over-all operation and also of the specific work of defendant in the area in which it was working. Plaintiff was in a position to advise defendant of the location of its subsurface structures. It failed to do so.

No statute was involved in *New York Steam* (*supra*) and *Frontier Tel.* (*supra*) and liability was, in effect, imposed at peril. Here plaintiff sues in negligence and relies on section 693–4.0 of the Administrative Code. That section does impose a duty upon the excavator to protect the property of the utility. However, such duty is imposed in the same sentence of the ordinance which requires that notice be given by the excavator to the utility of its intention to excavate. Although no legislative history has been discovered, it is apparent that the notice must serve some purpose. Its only purpose would be to afford the utility an opportunity to advise the excavator of the location of the subsurface lines required to be protected. The section as a whole cannot be read as imposing an absolute duty of protection at peril. The evidence in this case does not establish that the defendant had actual or constructive notice of the location of the utility's subsurface structures damaged here. Absent actual or constructive notice, no liability in negligence can be found. (*Socony-Vacuum Oil Co.* v. *Bailey*, 202 Misc. 364, *supra.*) Whether defendant would be chargeable with constructive notice, or liable at peril, if it was excavating in the ordinary public street in regular or general use, as in *Frontier Tel.*, is not before the court. After trial judgment for defendant dismissing the complaint.