**LONE STAR PRODUCING COMPANY,
a Texas Corporation, Plaintiff in Error,**

**v.**

**Richard L. JURY and Rosie Pauline Jury,
Husband and Wife, Defendants in Error.**

**No. 41700.**

Supreme Court of Oklahoma.

Sept. 10, 1968.

Luttrell, Luttrell & Pendarvis, Norman, for plaintiff in error.

Vaughan & Smalley Norman, James W. Pipkin, Seminole, Bill Pipkin, Moore, for defendants in error.

HODGES, Justice.

This is an appeal from a judgment upon a jury verdict in favor of plaintiff Richard L. Jury and Rosie Pauline Jury against the defendant Lone Star Producing Company, a Texas Corporation. Money judgment was rendered for damages to plaintiffs' home resulting from vibrations created by defendant's operation of a power pumping station which abutted plaintiffs' property.

The plaintiffs are the owners of a house within the corporate limits of the City of Moore. The lot of the plaintiffs was purchased subject to an existing oil and gas lease covering a much larger tract of land consisting of 154 acres.

Later, but prior to plaintiffs' purchase of their lot, the oil and gas lease was amended to permit the lessee, at its option, to pool and combine the acreage covered by the lease with other land in the immediate vicinity, for conservation purposes and for proper development and operation of the leased premises. It is stipulated by the parties that the lease, as amended, is, remains and has been at all times pertinent in full force and effect.

Subsequent to construction of plaintiffs' home, a pooling and operating Order, unitizing approximately 1360 acres, including the leased premises, was entered by the Corporation Commission authorizing a plan for secondary recovery of oil from the 1360 acres. Defendant was selected unit operator for the plan.

As unit operator, defendant installed a power pumping station to accomplish secondary recovery of the oil products underlying the unit. The pumps used to effect the secondary recovery were powered by eight internal combustion engines. The pumping station was located, not on the leased 154 acres which covers plaintiffs' property, but on three acres within the unit that abutted the plaintiffs' premises. Both the pumping station and plaintiffs' property are located within the corporate limits of the City of Moore.

Plaintiffs alleged in their petition that the engines from the pumping station operated continuously night and day, causing vibrations which permanently damaged the home of the plaintiffs. The plaintiffs further alleged that the acts of the defendant operating the pumping station was in violation of the "nuisance" ordinances of the City of Moore.

After the defendants' demurrer was overruled, the defendants answered that the operation of the pumping station was necessary for the recovery and production of the oil, gas and other minerals lying under the property of the plaintiffs and other lands covered by the lease, as well as all the other lands included within the Plan of Unitization; that the operation was conducted with due care and in a reasonable, careful and prudent manner; and denied any willful or negligent acts causing damage to plaintiffs' property. In the alternative, the defendants further answered that if vibrations were transmitted to the plaintiffs' property that they were reasonably necessary or unavoidable, and that the recovery operations, of which the plaintiffs complain, were authorized and consented to by their predecessor in title under the provisions of a prior oil and gas lease, and that the plaintiffs are bound by the terms of the lease.

The trial court instructed the jury that before they could return a verdict for the

286

plaintiffs, they must find that the defendant was guilty of negligence in conducting the operation of the pumping station. In this connection, however, the trial court submitted to the jury the city ordinances of Moore defining nuisances. The jury was then instructed as follows:

"It is the duty of a persons or corporations doing business in this State to observe the state laws and city ordinances with reference thereto, as set out in these Instructions. A violation of a state law or city ordinance in the operation of a business or occupation, which violation constitutes a nuisance, is negligence per se, that is, negligence in and of itself."

The defendant argues that the trial court's concept of nonliability in the absence of negligence is correct, but contends the court erred in admitting in evidence the city ordinances defining nuisances and instructing the jury that a violation of these city ordinances is negligence per se.

The plaintiffs theory of their action is two fold. First, they contend that no private property can be damaged without compensation, unless by consent of the owner, and in this case the use need not be of an unreasonable, careless or negligent nature to entitle plaintiffs to recover. Second, they contend that where a lawful business is being conducted in such a manner as to constitute a nuisance, causing substantial injury to property, the defendant is required to respond for damages.

The defendant argues that as the holder of a prior oil and gas lease covering the property of the plaintiffs that even assuming the activities of the defendant in the operation of the pumping station caused some damage to the plaintiffs' property or that such activities are prohibited by the city ordinances of Moore, in the absence of negligence, the plaintiffs cannot recover. The defendant asserts that the plaintiffs purchased their property subject to the oil and gas lease and have thereby in effect consented to the activities carried on by the defendant.

An operator of an oil and gas lease has the right to use as much of the surface of the land, and to use it in such a manner, as is reasonably necessary to effectuate the purposes of the lease. In Cities Service Oil Co. v. Dacus, Okl., 325 P.2d 1035, we held that where a surface owner purchased his property subject to a valid oil and gas lease his right to any recovery in the absence of negligence, had to be predicated upon proof that the lessee used more land than it was entitled to use under the terms of the lease. In Wilcox Oil Co. v. Lawson, Okl., 341 P.2d 591, we held:

"The holder of a valid oil and gas lease has the right and privilege to go on the land and do all those things necessary and incidental to the drilling of wells, including the right to the use of the surface and in the absence of a provision that lessee would be liable for growing crops, the only basis for recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development."

The plaintiffs strongly urged our holding in British-American Oil Producing Co. v. McClain, 191 Okl. 40, 126 P.2d 530, as controlling in this case. There we upheld a judgment for damages caused by vibrations from drilling operations on adjacent lands. The trial court had instructed the jury to the effect that the defendant lessees had a legal right to carry on the drilling operations, but no one had a right to operate a business, though a lawful one, in such a manner to do substantial physical damage to another person's property; that if there had been vibrations as alleged, and they had affected plaintiff's property in a substantial physical manner, then the defendants would be liable. The defendants objected to this instruction and argued that where property is being used in a lawful manner there can be no liability for damages in the absence of carelessness or un-

warranted conduct or an unreasonable use of the property. In rejecting this argument, we stated:

"Section 23, Article 2, Bill of Rights, O. S.1941, provides that no private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner. In a case of this character the use need not be a careless or negligent nature, or unreasonable or unwarrantable to entitle the injured party to recover. If the use causes a substantial injury to the property of another he may recover as for a private nuisance."

The distinguishing feature of the British-American case is that there was no relationship of lessor and lessee. The drilling activities of the defendant caused damages on adjacent property and without the consent of the plaintiffs.

In the present case the plaintiffs purchased their property subject to a valid and existing oil and gas lease. Thus the rights and obligations of the parties are governed by the terms of the lease. The plaintiffs are bound by its provisions. The lease granted to the lessee the right to pool and combine the lease property with other property under an unitization order. The plaintiffs' lessor has given authorization and consent for drilling operations under a unitized plan. When the plaintiffs purchased their property they must be presumed to have known of this consent and servitude on the property.

The plaintiffs are in a similar position to the surface owner in the case of Grimes v. Goodman Drilling Co., Tex.Civ.App., 216 S.W. 202. There the plaintiff bought a lot subject to an oil and gas lease. The lessee commenced drilling operations on the lot. The court in denying the plaintiff's request for injunctive relief stated:

"As appellant purchased the premises burdened with the terms of the lease, he is in no position to complain of conditions produced by appellees, such as are usual and customary during the drilling of an oil well."

In Mary Oil and Gas Co. v. Raines, 108 Okl. 222, 235 P. 1085, we said:

"When plaintiffs purchased the surface rights to their lots, they are presumed to have known that the lessees had a right to drill a well on the lots, and that in so doing they and their families would be subjected to more or less inconvenience, discomfort and annoyance, such as are incidental to and such as would naturally arise in the drilling of oil wells, but, having bought the premises so burdened, they have no just grounds for complaint by reason of the drilling of the wells by the Mary Oil & Gas Company, providing the drilling of the same is done in the usual and ordinary manner and the usual and ordinary precautions taken to prevent injury and annoyance, which, according to the record, was done in this case. * * *"

■ The plaintiffs make no contention that the pumping station is not reasonably necessary and incidental to the development of the lease. They do not assert the activities of the defendant to be unusual or beyond the customary standards of the oil industry, which could not have been contemplated by the parties on execution of the lease. There is no allegation that the defendant is using more surface than is reasonably necessary. There is no complaint that the unit operations have placed an unequal burden on the plaintiffs' property. The plaintiffs have made no effort to show that the defendant could have with equal convenience and advantage selected another location within the unit for the pumping station. Also, the petition of the plaintiffs does not allege any negligence on the part of the defendant in the operation of the pumping station, nor does the evidence disclose any proof of negligence. There is no showing that the defendant failed to use due care or failed to take ordinary precautions to prevent injury or damage. Instead, we have a bare assertion of damages. Under such circumstances, the principles of law applicable to a lessor and lessee relationship govern and must be applied to the facts in this case.

■ We also are of the opinion that the trial court erred in admitting the nuisance ordinances of the City of Moore into evidence and instructing the jury that a violation of the city ordinance is negligence per se.

In Stanolind Oil & Gas Co. v. Phillips, 195 Okl. 377, 157 P.2d 751, an agricultural lessee had constructive notice of an easement granted by his lessor to the operators of oil wells to flow pollutive substances on the land. The plaintiff alleged that the Oklahoma statutes prohibited oil and gas operators from allowing pollutive substances to flow on the plaintiff's land and therefore the easement given by his lessor was void. The court held that the plaintiff could not recover damages to crops against the oil operators caused by the pollution. The court stated that even though the acts of the oil operators were in violation of a pollution statute, that as between the plaintiff and the oil operators, the granting of the easement was not, and that the plaintiff was bound by its terms.

In the present case the property of the plaintiff was burdened with the lease that justified the activities of the defendant. The plaintiffs having purchased the property subject to this lease, they are in no position to now assert the prohibition of the city ordinances as between themselves and the defendant. The plaintiffs' lessor, in effect, has consented and extended a license to the defendant to maintain the alleged nuisance of which the plaintiffs complain. Since the lease authorized the activities of the defendant, the plaintiffs are estopped to complain of a condition necessarily incident to the development of the lease, whether the condition be located on their property or property adjacent thereto within the unit.

■ In this jurisdiction we have held that the drilling and operations of an oil and gas lessee is a lawful business and is not a nuisance per se. Powell Briscoe, Inc. v. Peters, Okl., 269 P.2d 787. Such a business, however, may become a nuisance, depending upon the facts and circumstances of the particular situation. In the present case, the plaintiffs have failed to show sufficient facts and circumstances to justify the judgment.

Judgment reversed with directions to enter judgment for defendant.

JACKSON, C. J., IRWIN, V. C. J., DAVISON, WILLIAMS, BERRY, LAVENDER and McINERNEY, JJ., concur.