Rockwell D. Colaneri, J.
Plaintiff is a homeowner who contracted with the defendant for the construction of a pool on his property. During the construction the defendant struck and damaged a Long Island Lighting Co. utility pipe line. Plaintiff, after paying said LILCO for the damage, brings this action to recover same from the defendant. Defendant relies on the contract to fix liability.
The pertinent clauses of the contract read as follows:
“ 1. Owner shall be responsible for the pool location being within his property lines and clear of easements, set back restrictions and in compliance with zoning ordinance and building code. Owner shall be responsible for the adequacy of utilities, the placement and elevation of the pool, fill ground exceeding three feet, hard foundation requiring for its removal, the use of blasting or power equipment, the obtaining of Building Permits construction from municipality having jurisdiction, but the Contractor will process such permits for the Owner. * * *
“ 4. Site preparation including removal and protection of trees or other vegetation, removal of pipelines or other improvements affected by this construction, shall be the obligation of the Owner. Contractor shall not be responsible for damage to lawn, shrubs, flowers, trees, driveway or other property caused as a result of this installation. Any landscaping or restoration of grounds shall be done by the Owner.” and
“ Contractor, warrants that * * * all work will be done in a competent and workmanlike manner.”
The contract affirmatively places the liability for the location of the pool upon the plaintiff homeowner. He had some duty to take precautions that the excavation for the pool would not disturb the easements of the utility companies. (Town of Greenburgh v. Shea Co., 48 N. Y. S. 2d 69 [Sup. Ct., Westchester County, 1944], affd. without opn. 268 App. Div. 998 [2d Dept., 1944]; Consolidated Edison Co. of N. Y. v. T J N Constr. Corp., 52 Misc 2d 788 [Civ. Ct. of City of N. Y., N. Y. County, 1967].)
*1040 In Town of Greenburgh v. Shea Co. (supra) the defendant contractor entered into a contract with owner to fill his land. The clause of the contract which is pertinent provides as follows (48 N. Y. S. 2d 69, 70): “ 8. * * * The contractor * * * further covenants that the dumping and filling shall be done in a manner that will not cause any damage to the sewer now owned and operated by the Town of Greenburgh, which runs through a portion of the premises to be filled.” The court interpreted this clause so as to hold the contractor responsible for the protection of the town’s sewers and gave judgment to town.
In the case at bar, it is the homeowner who by clause Nos. 1 and 4 assumed the responsibility for the pool being clear of utility lines and easements. To meet this obligation the plaintiff would have had to, at the very least, provide the defendant contractor with a survey showing the various subsurface structures, of which the LILCO line was one. (Consolidated Edison Co. of N.Y. v. T J N Constr. Corp., 52 Misc 2d 788, supra.)
In Consolidated Edison (supra, p. 792) the plaintiff utility company had received notice from defendant contractor of the proposed excavation, yet plaintiff failed to give defendant any maps, surveys or schedules showing the location of its lines. Plaintiff testified that it did stake off the surface around said lines but defendant countered by testifying that it did not see the markings. The court, relying on Socony-Vacuum Oil Co. v. Bailey (202 Misc. 364 [Sup. Ct., Cattaraugus County, 1952], held that, absent showing of actual or constructive notice, no liability in negligence can be found and it dismissed the complaint.
If a homeowner failed to provide a survey, and merely pointed out the location of the pool he would not be able to escape liability for resulting damage. On the other hand, if he provided the contractor with a survey showing subsurface structures, the contractor being in the business of excavating and having knowledge of the easements should not be permitted to exculpate himself. The contractor in Consolidated Edison was under a duty imposed by statute to notify the utility of its excavation. Once notified, the utility had a duty to inform the contractor of the location of its lines. The responsibilities in the present case are similar in that, pursuant to the terms of their contract, the plaintiff homeowner became responsible for the pool being clear of easements, and once the easements were pointed out, the contractor, by his warranty to perform in a competent and workmanlike manner, would be accountable for showing the owner possible interference with those easements.
*1041 Where one party by contract takes upon itself the responsibility of providing a survey showing public utility structures, it is liable for damages which result from proceeding without such a survey. (Delma Eng. Corp. v. 6564 Realty Co., 31 N Y 2d 816 [1972].)
If the survey provided was defective, liability for any damage done as a result would also lie with the plaintiff homeowner. (Bradford Bldrs. v. Sears, Roebuck & Co., 270 F. 2d 649, 655 [5th Cir., 1959].)
Judgment for the defendant dismissing the plaintiff’s complaint.