**SOUTHWESTERN BELL TELEPHONE COMPANY, a Missouri Corporation, Appellee,**

v.

**M. H. BURTON CONSTRUCTION COMPANY, an Oklahoma Corporation, and J. D. Smith, an Individual, Appellants.**

**No. 47082.**

Supreme Court of Oklahoma.

Feb. 24, 1976.

As Amended April 12, 1976.

As Corrected on Denial of Rehearing May 25, 1976.

Robert D. Allen, William J. Free, Nancy Batchelor, O. Carey Epps, Thomas J. Enis, Oklahoma City, for appellee.

Carl E. Moslander, Oklahoma City, for appellants.

BARNES, Justice:

This case presents a question of first impression in this jurisdiction.

We briefly summarize the events forming the basis for these proceedings. On September 21, 1970, the Appellee, in the performance of its public business, maintained and operated a 1,500-pair underground telephone cable in its easement and public right-of-way at a place located one-half mile west of McArthur on Britton Road in Oklahoma City, Oklahoma, in claimed reliance on 18 O.S.1971 § 601(a). That statute provides in pertinent part:

"(a) There is hereby granted to the owners of any telegraph or telephone lines operated in this State the right-of-way over lands and real property in this State, and the right to use public grounds, streets, alleys and highways in this State, subject to control of the proper municipal authorities as to what grounds, streets, alleys or highways said lines shall run over or across, and the place the poles to support the wires are located; also the right to condemn and cross over or under, or build their lines along any railroad property or right-of-way, subject to the necessary use of such property or right-of-way by the railroad company; the right-of-way over real property granted in this section may be acquired in the same manner and by like proceedings as provided for railroad corporations."

Upon the aforementioned date, the Appellant, J. D. Smith, an employee of the Appellant, M. H. Burton Construction Company, while acting within the scope and course of his employment, was laying out a

road with a road grader. While engaged in the performance of digging, trenching, ditching and other construction operations at the above described location, Appellant Smith cut Appellee's cable, which was buried in the public utility easement, rendering it useless for communications purposes, and requiring repairs at a cost of $3,505.56.

There is a dispute as to whether the location of the cable was designated by markers or signs.

Appellee brought its initial action on the two theories of trespass and/or negligence of Appellants. Appellants seek reversal of the Trial Court's decision finding Appellants guilty of trespass and therefore liable to Appellee, as a matter of law, and reinstatement of the case for the purpose of trial on the merits as to the question of liability.

Appellants appeal on the basis that the Trial Court's ruling is in error and that the liability of Appellants depends upon whether or not they were negligent.

On the other hand, Appellee contends the Trial Court did not err in holding that Appellants trespassed upon Appellee's property as a matter of law and that there is no substantial controversy as to any material fact regarding such issue. Appellee asserts that by such holding the Trial Court ruled that proof of "intentional injury" is not an essential element of an action for trespass, whereas Appellants urge that in the absence of an "intentional injury" there can be no actionable trespass.

Furthermore, Appellee contends that as statutory grantee of the easement and right-of-way for its telephone lines, Appellee is the owner of an interest in such land and was in occupancy when its telephone cable was severed by the Appellants during their grading operations on the public right-of-way. *Chicago Rock Island and Pacific R. Co. v. Morgan,* 421 P.2d 268 (Okl.1966).

In support of their position that the Motion for Summary Judgment should properly have been overruled by the Trial Court

and the case submitted to the jury on the question of negligence, Appellants cite *Cover, d/b/a Cover Construction Company v. Phillips Pipe Line Company,* 454 S.W.2d 507 (Mo.1970). That case was an action by a contractor for damages to a bulldozer partially destroyed by fire after striking and rupturing a pipeline. The pipeline company's counterclaim was in two counts: Count I was framed on the theory of trespass; Count II sounded in negligence. Quoting from the New York case of *Socony-Vacuum Oil Co. v. Bailey,* 202 Misc. 364, 109 N.Y.S.2d 799 (N.Y.1952), a case close on its facts to those in the case at bar, the Court said in *Cover*:

> " * * * In that case plaintiff operated a pipeline over private property in a rural area, under a recorded easement. Defendant, who had been employed by the landowner to level the property, struck the pipeline with a bulldozer. In discussing the liability of the defendant in trepass, and after stating that at common law it was necessary that the act be voluntary in order to be actionable, the court continued: 'There is no question that in the instant case the defendant was acting voluntarily when he operated the bulldozer in such a manner as to strike the plaintiff's pipe line. It must, however, have been more than just a voluntary act. The act must also have been intentional except in a case of negligence which it has already been established is not involved herein. It was not necessary, however, that the trespasser intend to commit a trespass or even that he know that his act will constitute a trespass, (citation). The actor may be innocent of moral fault, but there must be an intent to do the very act which results in the immediate damage. In other words, *trespass requires an intentional act.* (Citation.) Applying this requirement to the case at bar, *it is difficult to find the defendant's act in striking the pipe to be an actionable trespass. There is no proof that the defendant intended to strike the pipe and, in fact, it is clear-*

*ly established to the contrary, for he did not know the existence or location of the line,* nor is he charged with such knowledge for purposes of determining whether his action was intentional. *Without an intentional act, the defendant's conduct cannot give rise to a trespass and, therefore, the plaintiff's cause of action based on the theory of trespass must fail.'* 109 N.Y.S.2d, 1. c. 801. As in the New York case, the act of contractor in going onto the farm to terrace and in so operating the Caterpillar tractor as to strike the pipeline was voluntary. *Unlike that case, there is evidence in this case which could form the basis of a finding that contractor and/or his employee had constructive knowledge of the existence and location of the pipeline from which a jury might conclude that the puncturing of the pipeline would to a substantial certainty have resulted from the ripping work in which contractor was engaged. Such knowledge, however,* was not a conceded fact, but *was contested,* contractor and his employee denying that they had knowledge, actual or constructive, of the fact. *Since there was evidence pro and con on the issue of knowledge it was an issue for the jury to determine, and trespass vel non was not a matter for the court to declare as a matter of law, either on contractor's or pipeline's motion for judgment."* (Emphasis ours)

With regard to negligence the Court said:

" * * * As in Count I, the knowledge of contractor and his employee was contested, indeed was the principal issue in the trial of Count II of pipeline's counterclaim, and it would have been error for the court to declare the question negligence vel non as a matter of law."

*Socony-Vacuum Oil Co. v. Bailey,* supra, involved injury to an oil pipe line laid pursuant to an easement from a private landowner under the surface of land used for pasture. The defendant had a contract with the owner to level the surface of the pasture and in doing so operat-ed a bulldozer that it came into contact with and broke a pipeline. A verdict in favor of the plaintiff was set aside by the Trial Court and a judgment notwithstanding the verdict was rendered for the defendant. The Supreme Court of New York affirmed the judgment of the Trial Court and in its opinion held that the plaintiff, Socony-Vacuum Oil Company, could not recover upon any theory other than that the defendant Bailey was negligent. The Court added this language in *Socony,* supra:

"The *rule* applicable to the public utility conduits *has now developed in the direction of liability based on negligence where there is no actual knowledge of the existence or location of the lines."*

Admittedly, the case law in this area is both difficult and unsettled at best. However, we think the language of *Cover,* supra, and *Socony,* supra, present the better approach to the problem before this Court.

Appellee contends that Appellants had actual knowledge that utilities and telephone companies bury their facilities and cables within the public rights-of-way, and the Appellants were charged with notice of the Appellee's right by virtue of 18 O.S. § 601(a), supra, in any event.

Appellant Smith testified by deposition that while working in the area prior to the cable cut, he did not see or notice any signs of Appellee Telephone Company. He does state, however, that after the cable was cut, there was one marker found lying in the ditch, mostly in the bar ditch, and a second one on a fence about 1,000 yards back west. This lends support to the proposition that at least a question of fact was presented as to whether Appellee may have been responsible or guilty of contributing to the circumstances that led to this damage.

We think the language of *Cover,* supra, applicable to the instant case.

" * * * Since there was evidence pro and con on the issue of knowledge it was an issue for the jury to determine,

and *trespass* vel non *was not* a matter *for the court to declare as a matter of law*, either on contractor's or pipeline's motion for judgment." (Emphasis ours)

The United States Court of Appeals in *Concho Const. Co., Inc. v. Oklahoma Natural Gas Company*, 201 F.2d 673 (10th Cir. 1953), reversed a summary judgment granted in favor of Oklahoma Natural Gas Company which held a bulldozer operator a trespasser. In that action to recover for destruction of plaintiff's bulldozer it appears that the gas company had installed, in the easement, a gas pipe line parallel to Highway 66 and had installed risers connected with the pipe line. Later, the use of one of these risers was discontinued and it was covered over with about two inches of soil, upon what appeared to be highway right-of-way. There was no marker and the riser was concealed from view. The Concho employee, while attempting to prevent a fire from spreading by making a firebreak, struck the gas riser with his bulldozer. The Court said at page 674:

"The law appears to be settled that when an owner so maintains his land abutting upon a public highway as to indicate and lead the public to believe that it is part of the highway, he impliedly invites those lawfully upon the highway to drive upon and use the land as a highway, and such users are not to be treated as trespassers. The owner owes a duty to keep such land in a reasonably safe condition for the users of the highway."

While *Concho*, supra, may not be directly in point on the facts, it is, we think, some authority that trespass is not a proper action under Oklahoma law, and that negligence of the utility owner is to be considered in this type of case.

Appellee contends the Trial Court did not err in ruling that Appellants trespassed upon Appellee's property as a matter of law, relying on such cases as *Mountain States Tel. and Tel. Co. v. Vowell Const. Co.*, 161 Tex. 432, 341 S.W.2d 148 (1960); *Illinois Bell Telephone Co. v. Chas. Ind. Co.*, 3 Ill.App.2d 258, 121 N.E.2d 600 (1954); *Cincinnati & Suburban Bell Tele-*

*phone Co. v. Eadler*, 75 Ohio App. 258, 61 N.E.2d 795 (1944); *United Electric Light Co. v. Deliso Const. Co.*, 315 Mass. 313, 52 N.E.2d 553 (1943); and *Edison Illuminating Co. v. Misch*, 200 Mich. 114, 166 N.W. 944 (1918); and *Southern Bell Tel. & Tel. Co. v. Roy Cook & Sons, Inc.*, 218 So.2d 404 (La.App.1969).

In each of these cases the defendant was able to see or otherwise to know that the line was present within the area excavated and failed to take measures to protect it. For example, in *Southern Bell Tel. & Tel. Co. v. Roy Cook & Sons, Inc.*, supra, in which the telephone company sought to recover the cost of repairing a subsurface telephone cable allegedly damaged by dirt-moving equipment of the defendant, defendant Cook admitted that his attention was called to one sign, placed by the telephone company 300 feet east of the intersection. In addition, Cook was advised about the general direction in which the buried cable ran and was told of a previous accident wherein the cable was cut by another contractor after which it was repaired and relocated. The Court said therein:

\* \* \* Under the circumstances it was the positive duty of Cook, before undertaking any excavation within the right of way of Aline Street, to inform himself as to whether the telephone cables or other conduits of public utilities were below the ground to the end that he might avoid damaging such property.

This case lends further support to the application of negligence theory in the case at bar and not trespass as contended by Appellee.

■ After a thorough review of the cases on this subject, we conclude and hold that before the utility company may recover in a case such as this, it must be shown that the defendant invader of the area had knowledge or, in the exercise of ordinary care, should have know of the presence of the plaintiff's property. To hold otherwise would place an unreasonable burden on anyone who ever turned a shovel of dirt. It would encourage utility

owners to be careless in protecting their properties. As Appellants point out, why should utility companies go to the expense of marking their locations if the law does not require them to exercise due care and places the burden on any invader on the theory that he is a trespasser?

A question of fact was presented which should be determined after a trial of the case and should not have been disposed of on a Motion for Summary Judgment. Accordingly, certiorari is granted. The opinion of the Court of Appeals is vacated. The decision of the Trial Court is reversed and remanded with directions for further proceedings not inconsistent with this opinion.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.