KOCH INDUSTRIES, INC., a
corporation, Plaintiff,

v.

William Dennis HAXTON, d/b/a Dennis
Construction Company, and A & P Drilling Company, Inc., a corporation, Defendants.

No. 74–1103–D–Civil.

United States District Court,
W. D. Oklahoma.

May 6, 1976.

C. Harold Thweatt, Oklahoma City, Okl., and Oliver A. Witterman, Wichita, Kan., for plaintiff.

Jay Galt, Oklahoma City, Okl., for defendant Haxton.

Donald R. Wilson, Oklahoma City, Okl., for defendant A & P Drilling.

DAUGHERTY, Chief Judge.

### ORDER

Upon consideration of Plaintiff's Motion For Judgment Notwithstanding The Verdict, And In The Alternative Motion For a New Trial, As Supplemented, the Court finds that the same should be overruled in all respects.

Thirty-two grounds are asserted in support of the Motions. Twenty-one complain of the Court's instructions to the Jury. The Court believes that the Jury was properly instructed in this case and refers to the Court's instructions and the record made thereon pursuant to Rule 51, Federal Rules of Civil Procedure after the instructions were read to the Jury and before the Jury retired to consider its verdict.

Two grounds assert the evidence was insufficient to support the verdict. The Court is of the opinion that there was substantial evidence to support the verdict of the Jury. The principal issue in this case was whether Plaintiff exercised reasonable care in the marking of its pipeline and in warning of its presence as related to the incident at hand. There was competent and substantial evidence that Plaintiff did not exercise the required care. The Jury chose to base its verdict on such evidence. The Court is not inclined to disturb the verdict of the Jury in this case.

One ground asserts that Defendants committed a private nuisance against Plaintiff's pipeline and were liable to Plaintiff without proof of fault. Another ground asserts that Defendants were trespassers against Plaintiff's pipeline and were liable to Plaintiff without proof of fault. And another ground asserts that Defendants were aware of Plaintiff's pipeline and by reason thereof were liable to Plaintiff. Yet another ground asserts that the verdict is contrary to law. The Court will treat these four grounds together. The case was submitted to the Jury on the basis of whether the parties exercised reasonable care under the circumstances with relation to the incident at hand and their duties in connection therewith. This had to do with how Plaintiff marked and otherwise warned of the presence of its pipeline and how the Defendants acted in repairing or enlarging the slush pit. All parties had a right to be where they were. The Plaintiff had the right to lay its pipeline in its pipeline easement with corresponding duties to exercise reasonable care in marking and warning regarding the same and Defendants had a right to use the surface of the land in its oil and gas operation with corresponding duties to do so in the exercise of reasonable care as to Plaintiff's pipeline. The Court declined to decide or submit the case on either nuisance or trespass. As to nuisance the claimed private nuisance was not established under the evidence and the law. See *Lone Star Producing Company v. Jury,* 445 P.2d 284 (Okl.1968) and *Champlin Petroleum Company v. Board of County*

*Commissioners,* 526 P.2d 1142 (Okl.1974). As to trespass the Court followed two Tenth Circuit decisions in Oklahoma cases in which trespass was denied as a basis of recovery in this type situation. See *Concho Const. Co., Inc. v. Oklahoma Natural Gas Company,* 201 F.2d 673 (Tenth Cir. 1953) and *Gulf Refining Co. v. Peter Kiewit Sons' Company,* U.S.Ct. of Appeals, Tenth Circuit, Case No. 72–1411, decision filed February 6, 1973 (not published). The unpublished decision is precedent under our Circuit rules. The Plaintiff urged application of a decision of the Oklahoma Court of Appeals (*M. H. Burton Construction Company v. Southwest Bell Telephone Co.*) which did recognize a trespass theory of recovery in a situation similar to that herein. However, such opinion of the Oklahoma Court of Appeals under Oklahoma law is not precedent. The case was then on appeal to the Oklahoma Supreme Court which had granted certiorari. Since the trial herein, the Oklahoma Supreme Court has reversed this decision. See *S. W. Bell Tel. Co. v. M. H. Burton Const. Co. et al.,* Oklahoma Bar Association Journal, Vol. 47, No. 9, page 516 and Vol. 47, No. 16, page 865, 549 P.2d 1214. Plaintiff now urges that despite reversal the Oklahoma Supreme Court approved trespass as a basis of recovery herein. The Court does not so read the decision including the amendment to the opinion. To be sure the Court called the author of the opinion who confirmed that the Oklahoma Supreme Court did not approve trespass as a basis of recovery therein. The opinion says:

> "While *Concho,* supra, may not be directly in point on the facts, it is, we think, some authority that trespass is not a proper action under Oklahoma law, and that negligence of the utility owner is to be considered in this type of case."

and the amendment thereto says:

> "This case lends further support to the application of negligence theory in the case at bar and not trespass as contended by Appellee."

The Court followed the excellent opinions of Judge Pickett in the *Concho* case and Judge Doyle in the *Gulf* case. The law cited and reasoning applied by Judge Doyle in the *Gulf* case is particularly impressive and convincing and is believed to correctly set out the Oklahoma law. *Concho* was cited in *Burton* as partially set out above. *Gulf* was not due to its not being published. After a full consideration of all at hand, the Court is convinced that trespass is, "not a proper action under Oklahoma law." The above determination satisfies the Court that the submission of the case to the Jury and the Jury verdict are not contrary to law as claimed by Plaintiff.

■ One ground asserted for judgment notwithstanding the verdict is, "For any other reason orally assigned and not here repeated." As there is no transcript before the Court, the Court is unable to search the record and find what Plaintiff refers to. The ground is improperly asserted and will not be considered.

■ One ground asserts that the Court should not have submitted to the Jury the issue of contributory negligence. Regarding the issue of reasonable care (or negligence) and with there being a defensive plea of, and competent evidence to support, contributory negligence on the part of the Plaintiff, the Court should have submitted this issue. *Smith v. Chicago, Rock Island Pacific Railroad Co.,* 498 P.2d 402 (Okl. 1972). The Oklahoma Constitution requires such in this diversity case. See Art. 23, Section 6, Oklahoma Constitution. The newly enacted comparative negligence aspect of contributory negligence in Oklahoma was also followed by the Court as shown by the instructions herein. This ground has no merit.

■ Plaintiff complains in two grounds that the Court erred in not granting Plaintiff Summary Judgment herein on the question of liability. As there were genuine issues of material facts as to whether the parties discharged their respective duties to exercise reasonable care under the circumstances, the Court declined to enter Summary Judgment for the Plaintiff on the issue of liability and believes it would have been error to take these factual issues from

the Jury under the evidence in this case. Rule 56, Federal Rules of Civil Procedure. Nothing has been presented which changes the Court's opinion in this regard and these grounds are deemed to be without merit.

Finally, in one ground Plaintiff claims error by the Court in refusing to submit special interrogatories to the Jury. Under Rule 49, Federal Rules of Civil Procedure, this is discretionary with the Court. *Ziegler v. Akin,* 261 F.2d 88 (Tenth Cir. 1958). The Court was and is of the opinion that the issues herein of negligence, contributory negligence and damages did not warrant the use of special interrogatories. This ground is without merit.

Accordingly, for the foregoing reasons, Plaintiff's Motion For Judgment Notwithstanding The Verdict, And In The Alternative, Motion For A New Trial, as supplemented, should be denied.