Lela A. CAWARD, d/b/a Duane's Granite Pit, Appellee,

v.

STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF MINES, Appellant.

No. 75923.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 24, 1991.

Mark Secrest, Gen. Counsel, Oklahoma Dept. of Mines, Oklahoma City, for appellant.

Paul Stumbaugh, Mangum, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge.

Appellant State of Oklahoma, ex rel. Oklahoma Department of Mines (Appellant or ODM) seeks review of the Trial Court's order granting judgment to Appellee Lela A. Caward, d/b/a Duane's Granite Pit (Appellee or Operator) in Operator's action for judicial review of an ODM administrative order directing forfeiture of Operator's reclamation bond. Herein, ODM asserts error of the Trial Court (1) in reversing ODM's order of forfeiture, (2) in considering evidence outside the administrative record in rendering the decision, and (3) in holding that a mining lessor may relieve the lessee from the statutory obligation imposed by the Oklahoma Mining Lands Reclamation Act[1] to reclaim land affected by mining operations.

The record reveals that in 1984 Operator obtained a lease of property from the owner of certain property located in Greer County, Oklahoma (hereinafter Landowner, not a party to this action) for the operation of a granite mine. On proper application and posting of an $11,000.00 certificate of deposit in lieu of bond to secure reclamation of the property,[2] ODM issued Operator the requested permit. However, Operator and Landowner became embroiled in a dispute, and on May 7, 1987, Landowner obtained an injunction removing Operator from the leased lands, restraining Operator from re-entry, and further providing:

> 3. That [Landowner] has agreed, and said agreement is made a part hereof, that [Landowner] relieves [Operator] ... of and from all burdens imposed for reclamation of the leased lands as provided by the laws of the State of Oklahoma, and particularly Title 45 Oklahoma Statutes Section 721 et seq., and [Operator] shall not be required for restoration of grading or vegetation as required by the said Reclamation Act; and holds [Operator] ... harmless from complying with said Restoration Act.

In 1989, after inspection of the site, ODM gave a "Notice of Bond Forfeiture" to Operator for failure of Operator to reclaim the property, such reclamation required by statute.[3] At administrative hearing, ODM presented uncontradicted evidence of Operator's notice of intent to cease mining operations on the property and to reclaim the area (given to ODM on May 8, 1987, the day after issuance of Landowner's injunction), Operator's failure to reclaim within one year of cessation of operations as required by statute,[4] notice of forfeiture for such failure, and estimated costs of reclamation amounting to approximately $15,-175.00. The ODM Hearing Officer recommended forfeiture of Operator's reclamation bond, and the ODM Director so ordered.

Operator then sought judicial review in the District Court of the administrative decision, presenting evidence of Landowner's previous injunction restraining Operator from entering upon the premises. Based thereon, the Trial Court reversed ODM's order of forfeiture. ODM now appeals as aforesaid.

Neither party disputes that ODM is an "agency" within the scope of the Oklahoma Administrative Procedures Act, 75 O.S. Supp.1987 §§ 250 et seq., and that ODM administrative decisions are subject to the same standard of review as are other agency decisions under 75 O.S. §§ 322, 323. In that regard, District Court review of an administrative decision is confined to the record made before the agency.[5] "The standards of review contained in 75 O.S. § 322(1)(a–g) are to be applied directly to the agency decision by the reviewing court, the district court or the appellate courts, 'as the case may be.'"[6] Thus, on appeal from an administrative decision, the reviewing courts, district or appellate, must affirm the agency decision if "found to be

1. 45 O.S.1981 and Supp.1983 §§ 721 et seq.

2. 45 O.S.Supp.1983 §§ 724, 728(E).

3. 45 O.S. §§ 725(H), 729.

4. 45 O.S. § 725(H).

5. 75 O.S. § 321.

6. *Seely v. Oklahoma Horse Racing Commission,* 743 P.2d 685, 687–688 (Okl.App.1987).

valid and the proceedings ... free from prejudicial error."[7]

Under the facts and circumstances of this case, we find the Trial Court erred in reversing ODM's order of forfeiture. Landowner's agreement with Operator, embodied in the injunction previously entered, does not and cannot relieve Operator of the obligation to reclaim the property as mandated by statute[8] for which Operator planned and agreed as a condition for issuance of the mining permit,[9] and the Trial Court's holding to that effect constitutes error. The administrative record clearly demonstrates Operator's failure to reclaim as required by the Mining Lands Reclamation Act, making forfeiture of Operator's reclamation bond proper,[10] and we find no grounds for reversal of the ODM administrative decision.[11]

Operator asserts Landowner's injunction prevented Operator's re-entry for reclamation, rendering forfeiture of the reclamation bond inequitable. However, we have held neither Landowner, nor the courts, may circumvent the purposes of the Mining Lands Reclamation Act by order or agreement. As ODM points out, to allow private individuals to contract around the provisions of the Reclamation Act opens the door to much mischief to avoid the mandatory reclamation procedures imposed, and we will not permit such a course of action.[12]

The order of the Trial Court reversing ODM's order of forfeiture of Operator's reclamation bond is therefore REVERSED, and

ODM's prior order REINSTATED.

HANSEN, P.J., and ADAMS, J., concur.

---

7.  75 O.S. § 322(3).

8.  See, e.g., *Dycus v. Belco Industries, Inc.,* 569 P.2d 553 (Okl.App.1977) (contracts in derogation of statutes will not be enforced); *Stanolind Oil & Gas Co. v. Phillips,* 195 Okl. 377, 157 P.2d 751 (1945) (contract designed to allow violation of statute void as contrary to public policy); 45 O.S. § 722 (declaration of policy of Reclamation Act to protect natural resources and promote health, safety and general welfare of citizens of the state).

9.  45 O.S. § 724(D).

10.  45 O.S. §§ 725, 728.

11.  75 O.S. § 322(1)(a-g).

12.  The issue of any remedy Operator may have for recovery of the forfeited bond under the "hold harmless" clause of the agreement between Landowner and Operator, embodied in the previous injunctive order, is not before us.